COOMBS *et al.*, *Appellants*, v. CRABTREE.*

### DIVISION ONE.

1. **Practice** : BACK TAXES : ORDER OF PUBLICATION : AFFIDAVIT.   An affidavit of the collector in a suit for delinquent taxes for an order of publication is sufficient if made on information and belief.

2. ——— : ——— : ——— : NON-RESIDENT.   Nor is it necessary for the affidavit to state that service could not be had on the non-resident owner by ordinary summons.

3. ——— : ——— : ——— : NEWSPAPER.   Section 17, chapter 164, of the General Statutes of 1865, is applicable under that revision to publication in newspapers of orders of publication of notice to non-residents in back-tax suits, and not section 5, General Statutes, 1865, chapter 174; Amended Laws, 1887, page 344.

4. ——— : ——— : JUDGMENT.   The fact that the dollar mark is omitted in the tabular statement, in a judgment for delinquent taxes, is immaterial, the aggregate amount of the taxes, interest and costs being recited at length in dollars and cents.

5. ——— : ——— : DESCRIPTION OF LAND.   Where the land described in the petition in ejectment by a purchaser at a tax sale is included in the description of the land in the tax proceeding, it is immaterial that the language of the two descriptions is dissimilar.

6. ——— : ——— : JUDGMENT.   The omission of the letter *s* from the word tract in the recital of the sale of several tracts described in the sheriff's deed to the purchaser at the tax sale *held* immaterial.

*Appeal from Barton Circuit Court.*—HON D. P. STRATTON, Judge.

AFFIRMED.

*Thomas & Hackney* for appellants.

· ( 1 )   The tax proceedings against Thomas Carr, on which respondent relies for title, are absolutely null and

---

* The cases of Coombs *v.* Thomas, Coombs *v.* Baker and Coombs *v.* McWilliams were affirmed upon the authority of the above-entitled cause.

void. The circuit court of Barton county never acquired jurisdiction of the person of the defendant in the tax suit. The defendant was not personally served, and the order of publication issued against him was void. To authorize the clerk of the court to issue an order of publication, the plaintiff must either allege the non-residence of the defendant in the petition, or he must file an affidavit stating that the defendant is a non-resident of the state on whom service cannot be had by ordinary summons. Sess. Acts, 1877, p. 386, sec. 6; R. S. 1879, sec. 3494; R. S. 1889, secs. 2022, 7682. ( 2 ) The affidavit of Edward Buler simply stated this: " That he is informed and believes that defendant Thomas Carr is a non-resident of the state of Missouri." This affidavit was absolutely worthless as an affidavit of non-residence. It was absolutely void, not voidable, and did not confer jurisdiction upon the court so as to authorize the clerk to make a valid order of publication. *Forbes v. Hyde*, 31 Cal. 342 ; *Braly v. Seaman*, 30 Cal. 610 ; *Fontaine v. Houston*, 58 Ind. 316 ; *Feikert v. Wilson*, 38 Minn. 341; s. c., 37 N. W. Rep. 585 ; *Galpin v. Page*, 18 Wall. 350. ( 3 ) The statute regulating the practice in tax cases permitted publication against those non resident owners only on whom service could not be had by ordinary summons. Sess. Acts, 1877, sec. 6, p. 386. And the affidavit nowhere pretended to state that defendant could not be served with ordinary summons. ( 4 ) The court had no jurisdiction of the defendant in the tax case without the issuance and publication of a proper order of publication. *Troyer v. Wood*, 96 Mo. 478 ; *People v. Mullan*, 65 Cal. 396. Jurisdiction is not to be assumed and exercised in such cases upon the general ground that the subject-matter of the suit is within the power of the court. *Boswell v. Otis*, 9 How. 336, 350. ( 5 ) The order of publication in the tax suit was not published in a newspaper published and circulated in Barton county, as required by the then existing statute. Sess. Acts, 1877, p. 344. ( 6 ) The tax

deeds read in evidence did not show that a judgment had ever been rendered finding due against the property in controversy any delinquent taxes, interest or costs. The Arabic figures used in the deeds without any mark indicating that they stand for money. are wholly insufficient. *Woods v. Freeman*, 1 Wall. 398; *Lawrence v. Fast*, 20 Ill. 338; *Carpenter v. Sherfy*, 71 Ill. 427; *Braly v. Seaman*, 30 Cal. 610; *People v. Savings Union*, 31 Cal. 135; *Randolph v. Metcalf*, 6 Coldw. 400; *Tidd v. Rines*, 26 Minn. 201. The deed must show that a judgment for taxes, interest and costs was rendered against the land sold, or it is void. *Guffey v. O'Reiley*, 88 Mo. 424. (7) The land in controversy was not described nor included in any of the tax proceedings. (8) The sheriff's deeds to R. A. Ford and G. F. Burkhart did not purport to convey to the respective purchasers any more than one tract each. The words, "last above described tract," could certainly refer to but one tract, where several tracts have been specifically mentioned before. The appellants here, plaintiffs below, were, therefore, entitled to recover as to part, if not all, the land. The declarations of law asked by plaintiffs in the trial court properly stated the law applicable to the tax proceedings, and the trial court committed error in refusing them.

*Buler & Timmonds* for respondent.

(1) A suit to enforce the lien of the state for taxes, under the act of 1877, is one in which the court exercises the jurisdiction conferred by that statute in the way it exercises its ordinary jurisdiction. There is no difference whatever between such a proceeding and an ordinary suit in the circuit court in case of non-resident defendants by attachment and publication. Acts, 1877, sec. 6, p. 386; *Brown v. Walker*, 11 Mo. App. 226; s. c., 85 Mo. 262; *Wellshear v. Kelley*, 69 Mo. 343; *Gray v. Bowles*, 74 Mo. 419; *Payne v. Lott*,

90 Mo. 676; *Jones v. Driskill*, 94 Mo. 190; *Heard v. Sack*, 81 Mo. 610; *Allen v. McCabe*, 93 Mo. 138; *Cooper v. Reynolds*, 10 Wallace (U. S.) 308; *Freeman v. Alderson*, 119 U. S. 185. (2) An affidavit of non-residence, based on information and belief, is a substantial compliance with the requirements of the statute, and authorizes the issuing of an order of publication. *Allen v. Ray*, 96 Mo. 542. Even if the affidavit of non-residence were defective, it was amendable; and, therefore, not void, and not subject to collateral attack. *Burnett v. McCluey*, 92 Mo. 230; *Rosenheim v. Hartsock*, 90 Mo. 365; *Schmidt v. Niemeyer*, 100 Mo. 207. As the affidavit served its purpose, its sufficiency cannot be questioned in a collateral proceeding. *Burnett v. McCluey*, 92 Mo. 230; *Cooper v. Reynolds*, 10 Wallace (U. S.) 308; *Pennoyer v. Neff*, 95 U. S. 714. (3) The order of publication was published in the Barton county *Advocate*, a newspaper printed and published in Barton county, Missouri. (4) The sheriff's deeds introduced in evidence were sufficient in form. Each tract of land is set out separately, with the years for which taxes were found due on each, and the amount of taxes and interest assessed thereon. And the land was sold in the smallest legal subdivisions. The Arabic figures, referred to by appellant, appearing in the tabular statements in the sheriff's deeds, when taken in connection with the language preceding and following the tabular statements, are not difficult for an American to comprehend. The tabular forms used in the deeds added clearness and conciseness thereto. *Allen v. White*, 98 Mo. 55; 52 N. H. 518; 8 Nev. 15. The description of the land in the tax proceeding included that sued for and was sufficient. Abbreviations are authorized by statute. R. S. 1879, sec. 6857; *Allen v. White*, 98 Mo. 55; *Knight v. Elliott*, 57 Mo. 317; *Vaughn v. Tate*, 64 Mo. 491.

BRACE, J.—This is an action in ejectment for a tract of land in Barton county, in which defendant

obtained judgment, and the plaintiffs appeal. Thomas Carr is the common source of title.

It is conceded that plaintiffs are entitled to recover unless the title of said Carr was divested by virtue of two sheriff's deeds of date twenty-sixth of April, 1879, from Dennis Springer, sheriff of said county, one to R. A. Ford and one to G. F. Burkhart, executed in pursuance of a sale under execution on a judgment in a suit for delinquent taxes, rendered by the circuit court for said county in favor of the state at the relation of Earll, collector of said county, against the land in question, in which said Carr was the party defendant.

The points made are : *First*, that the affidavit of the collector for an order of publication of notice is insufficient in that it is made on information and belief. We held in *Allen v. Ray*, 96 Mo. 542, that such an affidavit was a substantial compliance with the requirements of the statute. Besides, the order having been properly served, the judgment is not subject to collateral attack for a defect in the affidavit. *Burnett v. McCluey*, 92 Mo. 230. In *Troyer v. Wood*, 96 Mo. 478, the publication was directed against Trager, consequently there was no service at all on Troyer, and the judgment against him was a nullity. These decisions are entirely consistent. This point is not well taken.

A further objection is made, that the affidavit should have shown by direct averment that service could not be had upon the non-resident owner by ordinary summons ; this contention finds no support in the statute under which these proceedings were had, by which it was provided : "That all notices and process in suits under this act shall be sued out and served in the same manner as in civil actions in circuit courts, and in case of suits against non-resident, unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property." Laws, 1877, sec. 6, p. 386.

The law assumes that service by ordinary summons cannot be had on non-resident and unknown owners, and authorizes service by publication on them. It also authorizes service by publication on other persons, residents of the state, but who have absconded or absented themselves from their usual place of abode in this state, or concealed themselves, so that the ordinary process of law cannot be served upon them. R. S. 1879, sec. 3494. It is only in the case of residents of the state that the affidavit is required to state that the ordinary process of law cannot be served on the owner by reason of the state of facts provided for in the statute.

*Second.* That the order of publication was not published in a newspaper published and *circulated* in the county in which the proceedings were had, as required by the then existing law. G. S. 1865, chap. 174, sec. 5 ; Amended Laws, 1877, p. 344. The act cited was a general provision made for the publication of all advertisements, notices and orders of publication, and might have governed the publication in this case, but for the fact that special provision was made then as now for the publication of notices to non-residents in civil actions, by which "every order against non-resident, absent or unknown defendants shall be published in some newspaper published in this state which the court, judge or clerk may designate as most likely to give notice to the person to be notified. G. S. 1865, chap. 164, sec. 17.

The order of publication was made under this provision, specially made for such cases, and which upon obvious principles must govern it, in which it was ordered that "a copy thereof be published in the Barton county *Advocate*, a newspaper printed and published in said Barton county," etc. The proof shows, and the judgment recited, a publication in that paper, "a newspaper printed and published in Lamar, Barton county, Missouri."

*Third.* That the tax deed did not show a judgment finding any amount of taxes delinquent against the land.

This objection is founded upon the fact that in the tabular statement the dollar mark is not prefixed to the figures showing the amount due on each tract.    There is nothing in this objection ; the aggregate amount of the taxes, interest and cost in dollars and cents is written at length in the deed and judgment, and no one could doubt for a moment that the figures  that went  to make that aggregate also represented dollars and cents.

*Fourth.*   That the land was not described in the tax proceedings.   The land sued for is described as lots 1 and 2 of the southwest fractional quarter and the west half of southeast quarter of section 6, township 33, range 32.   The land described in the tax proceedings, judgment and execution is the south half of section 6, township 33, range 32 ; as the  south half  included both the southeast quarter and the southwest quarter of said section it included the west half of the southeast quarter, and all the lots in the southwest quarter of said section ; *ergo*, it included lots 1 and 2 in said quarter section sued for.   There is nothing in this objection, nor in the fifth and last which is founded upon the fact that the letter *s* is omitted from the word tract in the recital of the sale of the several tracts described in the deed to Ford ; it appearing plainly on the face of the deed that he was the highest bidder for all of the tracts described in the deed at the price therein stated, and that for that price all the described real estate was sold, and by the sheriff conveyed to him, in which description was included the land in controversy.

Finding none of the points made against the sheriff's deeds tenable, the judgment of the circuit court is affirmed.   All concur, except BARCLAY, J., absent.