# MAUD L. STARK et al. v. LIZZIE KIRCHGRABER, Appellant.

### Division Two, February 21, 1905.

1. **DEED FROM HUSBAND TO WIFE: Trusteeship.** A deed executed by the husband in 1888 and conveying land directly to his wife vested the equitable title in her and the legal title remained in him as trustee for her, and on her death the trusteeship ceased, and the title (both legal and equitable) vested in the heirs of the wife, and thereafter he had no legal title thereto and could convey none.

2. **ADMINISTRATION: Sale of Real Estate: Application: Purchaser of Heir's Interest: Taxes.** Only a "creditor or other person interested in the estate" of a deceased person can apply for the sale of the real estate, and by the words "other person interested in the estate" is meant a person who has an interest in the distribution of the estate and who is entitled to a distributive share when distribution is made. They do not mean that one who has bought the interest of an heir in the real estate can make such application, and a sale made on the application of such person is void, even though such application shows to the court that a "large amount of taxes is due against such land which have been sued for." Land on the death of the intestate descends directly to the heirs, and is no part of the estate which goes into the hands of the administrator for distribution, except where it is necessary to sell it to pay decedent's debts, etc.

3. ———: ———: ———: Jurisdiction. An order of the probate court to sell the real estate of decedent, made on the application of one who had no interest in the estate, is void, for want of jurisdiction.

4. ———: ———: ———: ———: Collateral Attack. While it is true that a judgment of a probate court ordering the sale of real estate can not be collaterally attacked where the court had jurisdiction, it is also true that it can be shown, by introducing the whole record, that the order was made on the application of a person who had no interest in the estate, and that, therefore, the court was without jurisdiction to order the sale, and hence that its judgment was void.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Wright Bros. & Blair* for appellant.

(1) The whole title was vested in defendant: First, by the conveyance by Sandy Jarrett; second, by the administrator's deed to defendant. (2) The order of the probate court approving the sale by the administrator to defendant was a judgment that can not be attacked in a collateral proceeding. The same is final. Covington v. Chamblin, 156 Mo. 587. (3) This attack on same is collateral. (4) The judgments of probate courts are entitled to the same favorable presumptions as are accorded to courts of general jurisdiction, and are no more subject to collateral attack. Cox v. Boyce, 152 Mo. 583; Covington v. Chamblin, 156 Mo. 587. (5) The probate court has jurisdiction of the subject-matter and the parties and proceeded in a lawful manner. Cox v. Boyce, 152 Mo. 581; Covington v. Chamblin, 156 Mo. 587. (6) In this proceeding the court has no power to divest and vest title. If the legal title to the four-sixths were vested in defendant, the trial court was powerless to divest her of the same. The action to quiet title is an action at law. (7) Lizzie Kirchgraber was interested in said estate. R. S. 1899, sec. 150.

*O. T. Hamlin* for respondents.

The facts in evidence show that the proceedings in the probate court were under and by virtue of section 150, Revised Statutes 1899, which is as follows: "If such executor or administrator do not make such application, any creditor, or any other person interested in the estate, may make such application, giving twenty days' notice to the executor or the administrator." This statute contemplates an heir in said estate, when it speaks of another person interested, and the interest of Mrs. Kirchgraber, which was the title of Ona and Elias, was not such as to come within the statute. The reasons given in her notice of publication are not good and valid ones, as she was not interested as contemplated by that statute. The petition, the notice, and the order were not sufficient to warrant a sale of the real estate, and the sale under it conveys no title and was utterly and absolutely void, and left these plaintiffs unaffected in their interest. Appellant's title rests solely on the proceedings of the probate court; they being void, her title is void. The authority cited by appellant to sustain the point that the order of the probate court, approving the sale by the administrator to defendant, was a judgment that can not be attacked in a collateral proceeding (Covington v. Chamblin, 156 Mo. 687), does not affect this case, as the decision pointedly holds that the proceedings may be inquired into on two grounds, that of jurisdiction or fraud. Huff v. Land & Imp. Co., 157 Mo. 65; Garrison v. Frazier, 165 Mo. 40.

FOX, J.—This cause is here upon appeal from the Greene County Circuit Court.

On the twenty-fourth day of February, A. D. 1901, the respondents, as plaintiffs, filed in the circuit court of Greene county their petition in the above-entitled cause, which said petition, omitting caption and style of case, is as follows:

"Come now the plaintiffs and say that they are the children of Sandy and Hulda Jarrett, deceased, and that at the time of the death of the said Hulda Jarrett she was the owner in fee simple of four acres of land off of the west end of the north half of the northwest fractional quarter of section 7, township 29 and range 21, said four acres being on the south side of the one-acre tract sold to Robert Stokes, and recorded in book 67, at page 4775, and lying and being in Greene county, Missouri.

"And they further state that each owns at this time one-sixth interest in said land, by virtue of being the heirs at law of Hulda Jarrett, deceased; they further state they are informed and believe the defendant claims some interest in said land.

"They pray the court to ascertain and determine the estate, title and interest of said party, respectively, in such real estate and to define and adjudge by its judgment or decree the title, estate and interest of the parties in said property."

To this petition the following answer was filed:

"Now comes the defendant in the above-styled cause and by leave of court, for her amended answer to plaintiffs' petition admits that she claims an interest in the land therein described, to-wit: The fee simple title, and further avers and states that she is the owner of the fee simple title in said land; that she is in possession thereof, and denies each and every other allegation therein contained."

Upon the trial of this cause, it was admitted that Sandy Jarrett was the common source of title. The facts, as shown by the testimony, including the documentary evidence introduced, are as follows:

"Sandy and Hulda Jarrett were husband and wife. Prior to February 21, 1888, Sandy had acquired the fee simple title to the land described in the petition, and on said date he signed and acknowledged a deed purporting on its face to convey said land to his wife

Hulda. Hulda died October 2, 1890, leaving her husband, Sandy, and six children, to-wit, E. W. (Elias) Jarrett, Ona McCullah, Henry Jarrett, Ida Frost, Maud Stark and Grace Jarrett. The last named is not a party to this action. Sandy died November 3, 1900.

"On April 27, 1893, E. W. (Elias) Jarrett executed a deed conveying to S. C. Haseltine his interest in said land.

"On September 28, 1893, Sandy Jarrett, with S. C. and Emma L. Haseltine, executed a warranty deed conveying said land to L. K. Haseltine.

"On September 17, 1896, L. K. Haseltine conveyed his interest, which included the interests of Sandy and E. W. Jarrett in said land, to Joseph Kirchgraber.

"Ona McCullah executed a deed of trust on said land and, thereafter, the same was foreclosed, and on October 16, 1896, a trustee's deed was executed conveying the interest of Ona McCullah to Joseph Kirchgraber.

"Thereafter Joseph Kirchgraber died leaving said land to his widow, Lizzie Kirchgraber, the defendant."

The record is silent as to the date of grant of letters of administration on the estate of Hulda Jarrett, deceased; but it does appear that W. H. Pipkin was the former administrator of said estate, and turned over $27.75 to said Jarrett, husband of the deceased, by order of the probate court.

This was the last heard of that administration, so far as the record discloses, until this appellant, who is neither an heir nor a creditor of said estate, commenced the proceedings in the probate court to sell the real estate.

The first step taken in the probate court to sell this real estate was by this appellant; she gave the following notice to the administrator of the estate of Hulda Jarrett, deceased:

"To A. N. Foss, administrator of the estate of Huldy Jarrett, deceased: You are hereby notified that

on April 20, 1897, I will file a motion in the probate court in and for Greene county, Missouri, asking to sell at public auction the following described real estate, to-wit: Four acres of land off of the west end of the following described land, to-wit: Four acres on the west end of the north half of the northwest fractional quarter of section 7, township 29, range 21, Greene county, Missouri. Said four acres being on the south side of the one acre sold to Robert Stokes, and recorded in book 67, page 495, in the recorder's office in Greene county, Missouri.''

After the service of such notice upon the administrator, the appellant in this cause presented to the probate court the following petition:

''In the matter of the estate of Hulda Jarrett, deceased. A. N. Foss, administrator.

''Now comes Lizzie Kirchgraber, an interested party in the estate of the said Hulda Jarrett, deceased, and prays the honorable probate court of said county to order a sale of the real estate of the said Hulda Jarrett, deceased, at public auction, and states to the court that the administrator has sold the personal estate of the deceased as appears by the sale bill already filed, and of said personal estate, goods and chattels and payment of debts for said estate as follows, to-wit: sufficient to pay the debts of the deceased without selling the whole, the real estate mentioned, as follows: Four acres of land off of the west end of the following described land, to-wit: Four acres on the west end of the north half of the northwest fractional quarter of section 7, township 29, range 21, Greene county, Missouri, said four acres being on the south side of the one acre sold to Robert Stokes. Recorded in book 67, page 495.

''It is further stated by said Lizzie Kirchgraber that there is a large amount of taxes due on said land and has been sued for, and further that the estate has been in the hands of the public administrator for more

than five years and should be settled up, and she recommends that the same be sold for the payment of the debts due by the deceased, or so much of said real estate as may be sufficient for that purpose, at public auction."

Upon the foregoing petition the probate court made the following order:

"In the probate court within and for Greene county, Missouri, May term, 1897. A. N. Foss in charge, administrator of the estate of Hulda Jarrett, deceased.

"Now on this day comes Lizzie Kirchgraber, an interested party in the estate of Hulda Jarrett, deceased, and presents to the court her petition praying for an order for the sale of so much of the real estate of said deceased at public auction, as will pay and satisfy the remaining debts due by said estate and yet unpaid for want of sufficient assets, accompanied by the accounts, lists and inventories required by law in such cases. On examination thereof it is ordered that all persons interested in the estate of said deceased be notified that application as aforesaid has been made and that unless the contrary be shown on or before the first day of the next term of this court, to be held on the second Monday of August next, an order will be made for sale of the whole, or so much of the real estate of said deceased at public auction as will be sufficient for the payment of said debts, and it is further ordered that this notice be published in some newspaper in this county for four weeks before the next term of this court. And the court finding that Hulda Jarrett, Maud Jarrett, Ida Jarrett, Grace Jarrett, Elias W. Jarrett and Mary O. McCullah are heirs of the estate of said deceased and that they are residents of this county, orders that they each be served with a copy of this notice at least ten days before said next term of this court."

The administrator, upon being notified that appel-

lant would make application to the probate court for the sale of this land in pursuance of section 151, Revised Statutes 1899, filed with the clerk of the court accounts, lists, and inventories, as provided by that section, and the order of sale was made upon the application of the appellant, in pursuance of the provisions of section 150, Revised Statutes 1899, and the land was sold and the appellant became the purchaser. Report of sale was made and approved, and a deed executed by the administrator to the appellant for the land in dispute.

Upon the introduction of the administrator's deed in evidence, plaintiffs introduced the entire record of the probate court in respect to such sale.

Upon the submission of the cause to the court, it made the following finding of facts, upon which a judgment and decree was rendered in accordance with such finding:

"The court finds that in 1882 Sandy Jarrett acquired by deed the title to forty acres of land of which the four acres in controversy was a part; that in 1888 he deeded to his then wife, Hulda Jarrett, the four acres in controversy by deed direct from himself to her, properly acknowledged and recorded. This deed was the ordinary general warranty deed. In 1890 Hulda Jarrett died, leaving surviving her her husband, Sandy Jarrett, and her children and only heirs at law, Maud L. Stark, Ida Frost, Henry Jarrett, Grace Jarrett, E. W. Jarrett and Ona McCullah, the first three of whom are plaintiffs in this action. In 1892, E. W. Jarrett and Ona McCullah, by proper deed of trust, conveyed their interest in the property to one Haseltine, and by subsequent proceedings their title was vested in the defendant, Lizzie Kirchgraber. So far as this record shows, Grace Jarrett has never made any conveyance of her interest in the property and is not a party to this suit. In 1898 Sandy Jarrett attempted to convey the fee to his interest in the prop-

erty to one Haseltine by general warranty deed, which title was afterwards vested in the defendant, Lizzie Kirchgraber. Sandy Jarrett afterwards, in November, 1900, died without having remarried and having no children except those by his former wife, Hulda Jarrett. The court holds the law to be that by the deed of Sandy Jarrett to his wife in 1888 she became vested with an equitable separate estate and the legal estate remaining in him as trustee for her; that by her death the title to said equitable estate vested in her children a one-sixth interest in each, subject to the curtesy right of her husband surviving her, and that by his death the said curtesy right was extinguished and that these plaintiffs are each entitled to an undivided one-sixth interest in the equitable separate estate of their mother, the legal estate being in Lizzie Kirchgraber. The court adjudges and declares the law to be that by these proceedings the said legal estate is divested out of the defendant Lizzie Kirchgraber, and a one-sixth interest is vested in each of the heirs of said Hulda Jarrett, and judgment is accordingly rendered. The court further finds that Lizzie Kirchgraber in 1897 filed a petition in the probate court asking that the property in controversy be sold. The court finds that she was not a creditor nor entitled to participate in distribution of the estate on its final wind-up, but her only interest in the estate was the interest she had acquired of the two heirs, E. W. Jarrett and Ona McCullah. The court finds that the petition, the notice, and the order were not sufficient to warrant sale of the real estate and that the sale under it conveys no title and was utterly and absolutely void and left these plaintiffs unaffected in their interest to the property. The court finds that the defendant, Lizzie Kirchgraber, has paid taxes on the land in controversy, but leaves that question open until a partition proceeding may be had between the parties.''

From this judgment defendant prosecuted her appeal, and the cause is now here for review.

OPINION.

Upon the first proposition presented by this record as to the nature and character of the estate conveyed by the deed of Sandy Jarrett, dated February 21, 1888, to his wife, Hulda Jarrett, the law is well settled in this State.

That this deed created in Hulda Jarrett, wife of Sandy Jarrett, a separate estate in equity in this land, is no longer an open question in view of the repeated and uniform expressions of opinion by this court upon that subject. [Turner v. Shaw, 96 Mo. 22; Small v. Field, 102 Mo. 104; Crawford v. Whitmore, 120 Mo. 144; Pitts v. Sheriff, 108 Mo. 110.]

Upon the execution of that deed to his wife, she acquired, by such conveyance, the equitable estate in the lands conveyed, and Sandy Jarrett, the husband, retained the legal estate in trust for his wife.

Sandy Jarrett, the husband of Hulda Jarrett, occupied the position in respect to this land as trustee of his wife by construction of the law simply because he was her husband, and when the marriage relation was at an end the trust relation ceased, and this use was executed by operation of law. In Roberts v. Moseley, 51 Mo. 282, this court said:

"Where a trustee is appointed to hold the estate of a married woman, to protect it from the husband, and the marriage relation comes to an end, his estate at once becomes executed in the person who is to take it, the wife, if living, or, if she is dead, her heirs-at-law."

This court, by GANTT, J., in Pitts v. Sheriff, 108 Mo. l. c. 116, approved the rule announced in the quotation from the Roberts-Moseley case, and, in the discussion of the doctrine approved, said:

"When the conditions under which the trust or use ceased, the seizin and possession were transferred by operation of law to the beneficiary. If the law would effect the transfer where a third party was trustee, when the marriage relation came to an end, upon what principle would it hesitate to execute the use in the wife when the conveyance was directly in her? We can find none. Accordingly, we hold, that when the court found the deed was delivered to Mrs. Pitts, and that she was subsequently divorced, then the law executed the use in her, and transferred to her the legal as well as the equitable title. [2 Washburn on Real Prop. (3 Ed.), 461, sec. 45; Liptrot v. Holmes, 1 Ga. 381; Morgan v. Moore, 3 Gray 323; Steacy v. Rice, 27 Pa. St. 75; Bush's Appeal, 33 Pa. St. 85.]

"By operation of our statute of 'uses and trusts,' section 8833 (R. S. 1889), the wife, when she became discovert, was seized of the legal as well as the equitable estate, 'to all intents, constructions and purposes in law,' as fully as if the husband, the plaintiff, had made a formal conveyance to her after the divorce.

"The rule is well settled, both in England and in this country, that, when an estate is devised to trustees for a particular purpose, the legal estate rests in them as long as the execution of the trust requires it, and no longer. [Steacy v. Rice, supra; Ross v. Parker, 1 Barn. & Cress. 360; Mark v. Mark, 9 Watts 410.] Here, the husband was by construction of law trustee of his wife, simply because he was her husband. When the marriage ceased, the trust ceased, and the use was executed." It is clear from the principles announced in this case (and it has never been departed from) that upon the death of Hulda Jarrett, wife of "Sandy," the marriage relation was at an end, and it is equally apparent that upon her death the trusteeship of her husband ceased, and that the estate held in trust by the husband, upon the dissolution of the marriage relation, at once became

executed in the persons who were to take it, who, in this case, were the children of Hulda Jarrett, deceased.

This being true, upon the death of Hulda Jarrett, by operation of law, Sandy Jarrett, the husband, was divested of the legal estate; hence his deed in 1893 to L. K. Haseltine did not convey such estate in this land, and therefore the appellant, by her deed from Haseltine, did not acquire the legal estate to the land in dispute.

The conclusion of the trial court, upon this proposition, in which it is stated that the legal estate was vested in Lizzie Kirchgraber, the appellant, was erroneous.

It is unnecessary to refer to any interest in the estate, which the husband may have held, upon the death of the wife by the curtesy; if there was any such estate, it was extinguished by his death in 1900.

This leads us to the only remaining proposition involved in this cause. That is, upon the record, as made by the probate court, was the sale made by the administrator of the estate of Hulda Jarrett, deceased, of the land in dispute a valid one, and did his deed under such sale convey to Lizzie Kirchgraber, the appellant in this cause, the legal title to the premises? A correct answer to this question must be the solution of this proposition. That the order of sale, and the sale made in obedience to it, was made upon the application of the appellant in this cause, under the provisions of section 150, supra, there can be no dispute. The entire record demonstrates that fact.

Section 150 provides:

"If such executor or administrator do not make such application, any creditor or other person interested in the estate may make such application, giving twenty days' notice to the executor or administrator. On such application the court shall order publication and notice, as provided in preceding sections."

It is obvious from that section that the authority

to make the application for the sale of land of a deceased person, is limited to a "*creditor or other person interested in the estate.*" It is equally clear that the terms "other person interested in the estate" contemplates persons who have an interest in the distribution of· the estate, or who have a right to participate in such distribution, such as an heir, or one who is made a legatee by will, or the guardian or curator of one of the heirs of the estate, or other persons who may be entitled to a distributive share of the estate. That the appellant in this case had no such interest in the estate of Hulda Jarrett, deceased, as authorized her to make that application for the sale of the real estate, in our opinion, is too plain for discussion.

Her purchase of the interest of the two children of the deceased in the land, which descended to them, falls far short of creating any interest in the estate, as contemplated by the section of the statute, upon which the proceedings to sell the land were predicated.

Upon the death of a party who dies intestate, his or her lands descend directly to the heirs, and, technically, are no part of the estate which goes into in the hands of the administrator for distribution, and in the administration of· the estate the administrator has nothing to do with such lands, except as it may be subjected to his control under the provisions of law, which subjects lands to the payment of the debts of the deceased.

If the appellant does not fall within the terms "other persons interested in the estate," then it follows that the order of sale by the probate court was without authority and is void. But it is insisted by· appellant that the order of sale, and the sale made in obedience to it, and its approval by the court, was a final judgment, and can not be attacked in this collateral proceeding. This is true, where the record upon its face shows that the court had jurisdiction.

"Jurisdiction may be defined to be the right to

adjudicate concerning the subject-matter in a given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue." [Munday v. Vail, 34 N. J. L. 422.]

It was legitimate and competent for the plaintiffs in this case to introduce the entire record of the probate court in the proceedings to sell this land. An examination of that record convinces us that one of the *essentials* necessary to confer jurisdiction upon that court was entirely absent. In other words, the proper parties were not before the court, and this is shown upon the face of the record in this, that the appellant, who instituted the proceeding for the sale of the land, was neither a creditor nor was she interested in the estate, within the provisions of the statute.

That want of jurisdiction may be ascertained by the consideration of the whole record, was clearly settled by this court in Hutchinson v. Shelley, 133 Mo. 400. In the discussion in that case of the same contention that is now urged in the case at bar, the court said:

"But it is urged by counsel for defendant that the judgments and orders of probate courts in the administration of estates are accorded the same presumptions in favor of their regularity as are indulged in favor of courts of general jurisdiction, and they are correct in this assumption. [Camden v. Plain, 91 Mo. 117; Price v. Springfield Real Estate Ass'n, 101 Mo. 107; Rowden v. Brown, 91 Mo. 429, and cases cited.] But the judgments of the circuit courts and other courts of general jurisdiction may be overthrown by other portions of their records of equal dignity and importing the same verity which demonstrates that their recitals in their judgments are untrue, and a party attacking a judgment of such a court collaterally may introduce

the whole record in the given cause to show that the court had no jurisdiction, either over the person or subject-matter, and when it so appears its judgment is void.    [Cloud v. Pierce City, 86 Mo. 357; Adams v. Cowles, 95 Mo. 501.]'' It appearing upon the face of the record that the probate court did not have the authority to entertain the proceeding instituted by appellant for the sale of this land nor to make the order of sale, it follows that the sale made in obedience to such order, as well as the deed executed to defendant in pursuance to such sale, were void and conveyed no title to the land in dispute.

It is insisted by appellant that the trial court was not authorized in this proceeding to render the decree and judgment, for the reason, that upon the findings of the court, it had no power under the statute upon which this suit is predicated to divest title. In other words, it is contended that the power of the court is limited by the provisions of section 650, Revised Statutes 1899, to the ascertainment and defining of the title of the respective parties to the action. The trial court may have proceeded upon the theory, as indicated in its conclusion, that the legal estate was vested in the appellant by the deed of Sandy Jarrett in 1893, after the death of his wife, and that the decree should divest appellant of such legal estate and vest it in plaintiffs. Such, however, was not the effect of the decree and judgment, for, as is herein determined, appellant did not acquire any legal estate by virtue of said deed for the reason that at the time of the execution of the deed the marriage relation no longer existed, after the death of the wife, to whom the husband had conveyed this land. The husband was, by operation of law, divested of the legal estate, which he held in trust by virtue of the existence of the marriage relation, and the same was vested in the children of his deceased wife, Hulda Jarrett.

We are dealing, upon this appeal, with the result

of the decree and judgment, and not any particular theory of the trial judge in reaching such result.

This renders unnecessary any discussion of the scope of the section of the statute, upon which this action is based, or the extent of the relief, which may be afforded by its provisions. The judgment and decree in this cause were right, under the law applicable to the facts disclosed by the record, and should be affirmed, and it is so ordered.

All concur.