GENERAL MOTORS ACCEPTANCE CORP., APPELLANT, v. H. E. LYMAN ET AL., RESPONDENTS —78 S. W. (2d) 109.

Kansas City Court of Appeals. December 3, 1934.

456

*Leon Greenbaum* for appellant.

*Cowgill & Popham* and *John F. Cook* for respondent.

CAMPBELL, C.—This action was begun in the court of a justice of the peace in Kaw Township, Jackson County, against H. E. Lyman, hereinafter referred to as the defendant, and others. The venue of the cause was changed to the court of another justice in the same township. The judgment in the justice court was in favor of the defendant. The plaintiff, ten days subsequent to the rendition of the judgment, appealed. The circuit court entered a judgment in the cause as follows:

"Now on this day comes plaintiff by attorney and in open court dismisses this cause as to defendant, Gardner-Paup Motors, Inc., a corporation.

"Wherefore, it is ordered and adjudged by the court that this cause be and the same is hereby dismissed as to defendant, Gardner-Paup Motors, Inc., a corporation, and that said defendant go hence

and have and recover of and from said plaintiff and from C. L. Wortz, surety on plaintiff's appeal and bond herein, its costs herein incurred and expended and have therefor execution.

"This cause coming on regularly for trial, comes plaintiff, by attorney, and defendants, H. E. Lyman, Anthony V. Mura and Frank A. Wheeler, although duly and properly notified, failed to appear or offer any defense to this action.

"Now plaintiff by attorney, waives a jury in the trial of this cause and said defendants by failing to appear are deemed to have waived a jury herein and this cause is submitted to the court upon the pleadings and evidence adduced, an after hearing all of the evidence and being fully advised in the premises, the court finds the issues in favor of the plaintiff and against the defendants and that plaintiff is entitled to receive of and from said defendants as principal, the sum of four hundred dollars ($400), with interest thereon at the rate of six per cent (6%) per annum from December 1, 1929, to this date, amounting to the sum of forty-eight dollars ($48), making a total and aggregate sum of four hundred forty-eight dollars ($448), and the costs of this action.

"The court further finds the issues in favor of the plaintiff and against the defendants, Anthony V. Mura and Frank A. Wheeler on their counterclaims.

"Wherefore, it is ordered and adjudged by the court that plaintiff do have and recover of and from said defendants, H. E. Lyman, Anthony V. Mura and Frank A. Wheeler, the sum of four hundred forty-eight dollars ($448), together with its costs herein incurred and expended and have execution therefor."

The property of the defendant was seized under an execution issued upon the judgment. Thereafter defendant filed a motion to correct the judgment and to quash the execution. The motion was heard and sustained. Plaintiff has appealed.

The proceeding is based upon the claim that the defendant was not served with notice of the appeal from the judgment of the justice. Following the introduction by defendant of evidence of a preliminary nature, the plaintiff, having obtained leave to do so, introduced in evidence the affidavit upon which the change of venue was granted. The affidavit was signed, "H. E. Lyman by E. M. Faulkner." The plaintiff also introduced the jacket containing the papers filed in the cause in the court of the justice in which the judgment was rendered. Thereon is written the following: "E. M. Faulkner for defendant Lyman." Later in the trial plaintiff introduced in evidence a notice of appeal signed, "E. M. Faulkner agent for defendants." The defendant testified in substance that Faulkner did not represent him, never acted for or on his behalf, that he did not know that Faulkner signed his name to the affidavit for change of venue, and that he did not know that there was an appeal from the judgment of the justice until after the execution was issued.

Mr. Faulkner testified for defendant that he was not employed by the defendant; that he did not represent the defendant in the case; that he signed the defendant's name to the affidavit for change of venue "just to send the case from there;" that he was not a lawyer; that at the time he signed the notice of appeal he told plaintiff's counsel that he "represented Mr. Wheeler and Mr. Mura and signed on appeal as such." On cross-examination, Faulkner testified:

"Q. I hand you a paper marked plaintiff's Exhibit 5 (notice of appeal) and ask you to state if that paper was served on you and if that is your signature appearing at the bottom? A. It is.

"Q. That is your signature, is it? A. Yes, sir.

"Q. I hand you herewith plaintiff's Exhibit 1 (jacket) and ask you to state if that pencil handwriting there is your signature? A. Yes, sir.

"Q. Did you write that on there? A. Yes, sir, I did.

"Q. Did you write 'H. E. Lyman?' A. Yes, sir.

"Q. And 'E. M. Faulkner for H. E. Lyman on there?' A. Yes, sir.

"Q. Was that true? A. No, sir, it was not.

"Q. Why did you put it on there? A. I didn't put on here the two defendants' names.

"Q. What did you put that on that envelope for? A. Because his name is the first defendant's name mentioned.

"Q. Did you represent him down at Joyce's court? A. No, sir.

"Q. You put that statement on there without any authority from Dr. Lyman? A. I was there representing these two boys.

"Q. Did you represent Dr. Lyman? A. No, sir, I did not.

"Q. Did you have any authority to put that down on that record? A. No, sir, no more than the information.

"Q. What is it? A. I went down there ready to try this case when the case was called and you wasn't there.

"Q. Did you have any authority to put that on there for Dr. Lyman? A. No, sir.

"Q. You put that down there for the information of the court clerk? A. Yes, sir, with the telephone number on there.

"Q. Exhibit 1. You put that on there, didn't you? A. Yes, sir. . . .

"Q. You never represented Dr. Lyman in this case at all? A. No, sir.

"Q. When did you say you first told me that you didn't represent him? A. Yes, sir.

"Q. I say when was that? A. I told you the day the case was tried.

"Q. You told me what? A. That I didn't represent Dr. Lyman nor Paup. They were both there.

"Q. You told me that down there at Joyce's court? A. Yes, sir."

In the trial in the circuit court the parties waived a jury, tried the cause as though the question as to whether notice of appeal had or had not been given was properly presented in the motion, and that such question was one of fact for the determination of the trial judge. The notice of appeal was duly served on Faulkner. The issue in the trial was whether or not Faulkner was the agent of the defendant. The parties voluntarily tried that issue and neither of them may say on appeal that there was no such issue. [Cook v. Sears, Roebuck & Co., 71 S. W. (2d) 73, 74.] The finding of the court is supported by substantial evidence and is, therefore, conclusive on appeal.

The plaintiff contends that the court erred in permitting the defendant to show that "Faulkner had no authority to execute the change of venue for Lyman, thereby allowing respondent, through parol testimony, to impeach Justice Layton's docket in a particular wherein such docket is conclusive." When the defendant sought to prove that Faulkner was not his agent or attorney the plaintiff objected for the reason "that the records of the justice court are the best evidence of who represented him in those courts." In the docket of Justice Layton it is stated that H. E. Lyman filed affidavit for change of venue. The docket of the justice is silent on the question as to whether or not the defendant was represented by agent or attorney. Hence, evidence showing that Faulkner was not the agent or attorney for the defendant did not contradict or impeach any recital in the record of the justice. Moreover, the objection to the evidence was based upon the theory that the record of the justice was the best evidence and not upon the ground that the evidence impeached the record. Neither the jacket nor the affidavit to which Faulkner signed the defendant's name was record. In signing the affidavit, Faulkner did not assume to act as agent or attorney for the defendant and the defendant was not advised that his name was written thereon. The point is ruled against the plaintiff.

The plaintiff insists that the statement in the judgment in the circuit court that defendant "although duly and properly notified, failed to appear or offer any defense to the action" is conclusive in this proceeding. It is the rule in this State that a recital in a judgment to the effect that a defendant has been duly served with process may be shown by other parts of the record to be incorrect even in a collateral proceeding. [Ray v. Ray, 50 S. W. (2d) 142.] The law governing the case at bar does not contemplate that the record shows whether notice of appeal was or was not served. In these circumstances parol evidence tending to show that notice of appeal was not served was admissible for the reason that it was

the best evidence available to the defendant. [Charles v. Charles, 281 S. W. 417.] Furthermore, the question is raised for the first time on appeal.

The plaintiff contends that the statement in the motion that the defendant filed affidavit for change of venue is conclusive that the defendant appeared in the justice court through Faulkner as his agent. The evidence tending to show that plaintiff did not file affidavit for change of venue was admitted without objection. Thereafter, the defendant asked leave to amend the motion so as to state that the affidavit was filed by "some defendant." The court did not formally rule the request. However, in the circumstances, we will determine the action as though the amendment had been made.

The plaintiff contends that this proceeding is in the nature of a writ of error *coram nobis* and argues that the writ cannot be used to attack the verity of an express adjudication that the defendant was properly notified. True, the writ cannot be used to attack the verity of the recitals in the judgment essential to its validity. The statement to the effect that the defendant had been duly notified was not essential to the validity of the judgment. [McClanahan v. West, 100 Mo. 310, 320.]

"The writ may not be used as a substitute for a motion for a new trial. The latent fact unknown to the court authorizing the writ may consist in some matter of process or misprision or fault of the clerk. In other words, as we understand the authorities, the writ lies not for some unknown fact going to the merits of the cause, but for some unknown fact going to the right of the court to proceed, and which entirely defeats the power of the court to attain a valid result in the proceeding." [Kings Lake Drainage Dist. v. Winkelmeyer, 62 S. W. (2d) 1101, 1103.]

The writ will lie "when the court has proceeded in a case as though a fact which was material to its *right to proceed*, existed, when it did not exist, and when the absence of the fact assumed to exist, entirely *defeats the power of the court to attain* a valid result in its proceeding." [Cross v. Gould, 131 Mo. App. 585, 597.] (Italics ours.)

The Cross case, supra, was cited with approval in the case of Simms v. Thompson, 291 Mo. 493, 515.

In the present case it was competent under the writ to show by the best evidence available that the court in entering the judgment assumed that a fact touching its right to proceed, existed, when it did not exist.

The finding of the trial court was supported by substantial evidence and we will not interfere. The judgment is affirmed. *Reynolds C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.