Martha SIGWERTH, Plaintiff-Appellant,

v.

Stanley Kenneth SIGWERTH, Defendant-Respondent.

No. 7554.

Springfield Court of Appeals.

Missouri.

Feb. 26, 1957.

Peal & Moeckel, Caruthersville, Seymour, Seymour & Hughes, Benton Harbor, Mich., for appellant.

Ward & Reeves, Caruthersville, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Pemiscot County sustaining a motion to set aside a default divorce decree and ordering the cause reinstated on the trial docket.

August 19, 1955, plaintiff filed a petition for divorce, in Pemiscot County, against defendant, wherein the following allegations were made:

"Plaintiff states that she has resided in Pemiscot County, Missouri more than one year next before the filing of this petition for divorce.

"Plaintiff further states that the Defendant is a non-resident of the State of Missouri, and cannot be personally served in this State in the manner prescribed by law for personal service, and has absconded and absented himself from his usual place of abode in this State and has concealed himself so that the ordinary process of law cannot be served upon him, and that the address of the defendant is to the plaintiff unknown.

"Wherefore, Plaintiff prays that a publication be issued and directed to the Democrat Argus, a weekly newspaper published in Pemiscot County, Missouri, as provided by law."

An affidavit, affirming the truth of the allegations of the petition, was signed and sworn to by plaintiff on August 19, 1955.

On December 12, 1955, defendant, Stanley Kenneth Sigwerth, filed a motion to set aside the decree of divorce awarded plaintiff November 3, 1955, for the reasons that the allegations contained in plaintiff's petition that she had resided in Pemiscot County for more than one year next before the filing of the petition for divorce and the allegation that *defendant is a non-resident of Missouri and has absconded and absented himself from his usual place of abode in this*

*state and has concealed himself so that the ordinary process of law cannot be served upon him and that the address of the defendant is to the plaintiff unknown* are totally false and untrue; that plaintiff has not been a resident of Missouri for a full year preceding the filing of the petition but, in fact, has been a resident of the state of Michigan for 15 months; that defendant has never been a resident of the state of Missouri, and has always been a resident of the state of Michigan and at all times his usual place of abode has been at 204 North Winans Street, Benton Harbor, Michigan, which facts were all known to plaintiff; that the divorce was procured by fraud and the allegations and affidavit made by plaintiff are false and untrue and that plaintiff has committed perjury in this court to obtain a divorce.

A motion was filed by plaintiff to dismiss defendant's motion to set aside the decree, for the reasons that the motion was a petition for review, and is not allowable in a divorce action, and, because defendant cannot show lack of jurisdiction outside the original record except by appeal.

On January 4, 1956, defendant's motion to set aside the decree of divorce and plaintiff's motion to dismiss the motion of defendant were taken up by the court for hearing.

Over the objections of plaintiff, the court permitted oral testimony to be produced. The testimony offered shows that defendant had never been a resident of the state of Missouri; that he had lived in Benton Harbor, Michigan, since November, 1946, and had worked for the Whirl Pool Corporation in St. Joseph, Michigan, from September 25, 1950, to the present date. There is no dispute that plaintiff married defendant December 14, 1954, and lived with him at his home in Michigan until the date of separation, August 11, 1955; that during that time she had not returned to Missouri. There is no contention that defendant had received any notice of plaintiff's divorce action until he received a letter from plaintiff's

attorney, Robert W. Hawkins, dated November 3, 1955, informing him that a divorce decree had been rendered against him.

The testimony further shows that plaintiff returned to Michigan within a day or two after the granting of the divorce and now lives at Deer Head Inn Tavern, Sodus, Michigan, nine or ten miles from Benton Harbor.

We think the testimony, if admissible, clearly shows that plaintiff was not a resident of the state of Missouri as alleged in her petition and that defendant has never lived in this state. The testimony further shows that plaintiff, at all times, knew where defendant lived, which is clearly shown by the fact that her attorney, who lives in Caruthersville, on the day the divorce decree was granted, addressed to the defendant a letter containing his correct home address.

Plaintiff offered in evidence the Circuit Court records and all the files pertaining to the divorce action.

On June 5, 1956, the court sustained defendant's motion to set aside the decree of divorce entered November 3, 1955, and reinstated the cause of action on the trial docket.

In our opinion we will refer to appellant as plaintiff and respondent as defendant, the position they occupied in the divorce action.

■ We agree with plaintiff's first contention that the judgment and decree had become final at the time of the filing of defendant's motion and was not subject to review by the trial court. Section 452.110 RSMo 1949, V.A.M.S.; Wenzel v. Wenzel, Mo.App., 283 S.W.2d 882.

■ However, the above statute which provides that no petition for review of any judgment or divorce shall be allowed, does not apply where the court nisi, was devoid of jurisdiction ab initio. State ex rel. Coonley v. Hall, 296 Mo. 201, 246 S.W. 35; Orrick v. Orrick, Mo.App., 233 S.W.2d 826; Wenzel v. Wenzel, supra, 283 S.W.2d 886.

It is the defendant's theory that the motion to set aside the divorce decree is an after-term direct attack in the same court and under the same cause upon the jurisdiction of the court ab initio, to render the particular judgment in the particular case; that he does not seek to have a voidable judgment voided, but seeks to vacate the judgment which he contends was a nullity, wholly void from the beginning, for fundamental lack of jurisdiction. He contends that the trial court has inherent power to strike from its record a nullity.

■ From a consideration of the motion filed by the defendant to set aside the judgment in the instant case, we find that it was an after-term, direct attack in the same cause upon the jurisdiction of the court ab initio to render the judgment in the particular case. It is based upon the fact that the judgment is a nullity wholly void from the beginning for fundamental lack of jurisdiction.

This procedure has been approved by the Supreme Court of this state and by the Courts of Appeals. Wenzel v. Wenzel, supra, 283 S.W.2d at page 885. (See authorities cited supporting this contention.)

On page 886 of 283 S.W.2d of the opinion the court quotes with approval an opinion from the Kansas City Court of Appeals, Smethers v. Smethers, Mo.App., 263 S.W.2d 60, 62, in which that court approved the law as stated in Simplex Paper Corporation v. Standard Corrugated Box Co., 231 Mo.App. 764, 97 S.W.2d 862, as follows:

" 'The rule in Missouri is to the effect that, where a judgment is rendered in an action where the court has no jurisdiction, it is void ab initio and may be attacked by anybody at any time.' "

On page 887 of 283 S.W.2d this law is stated:

" * * * A judgment cannot stand when it is based upon findings of fact of record which are antagonistic, inconsistent, or contradictory, or upon conclusions of law which are at variance with the findings of fact. Buschow Lumber Co. v. Union Pac. R. Co., Mo.App., 276 S.W. 409, loc. cit. 414. If the court made and entered of record a contradictory finding of fact as set forth in defendant's motion and of equal dignity and importing equal verity as the jurisdictional recitals in the judgment, such record finding would countervail and invalidate the judgment. Ray v. Ray, 330 Mo. 530, 50 S.W.2d 142; Kunzi v. Hickman, 243 Mo. 103, 147 S.W. 1002; Stark v. Kirchgraber, 186 Mo. 633, 85 S.W. 868; * *. While the judgment might be impeached by other parts of the record of the kind and character indicated, it could not be impeached by extraneous evidence, Young v. Parker, 355 Mo. 245, 195 S.W.2d 743; * * *"

■ An application for order of publication is a part of the record and is of equal dignity and of equal verity with the jurisdictional recital in the judgment.

■ A motion to vacate a default judgment on the ground that it appeared on the face of the record that order of publication was based on insufficient application therefor and was void and unconstitutional, was a proper attack on the validity of the order. Orrick v. Orrick, Mo.App., 233 S.W.2d 826.

Under 42 V.A.M.S. Supreme Court Rule 3.27, it is provided that plain errors affecting substantial rights may be considered on a motion for new trial or on appeal, and in the discretion of the court though not raised in the trial court or preserved for review or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.

■ It appears from the face of the record in the instant case that the affidavit for constructive service by publication was insufficient to warrant the trial court in ordering such service. The affidavit is as follows:

"Plaintiff further states that the Defendant is a non-resident of the State of Mis-

souri, and cannot be personally served in this State in the manner prescribed by law for personal service, and has absconded and absented himself from his usual place of abode in this State and has concealed himself so that the ordinary process of law cannot be served upon him, and that the address of the defendant is to the plaintiff unknown."

■ This affidavit is insufficient to base service by order of publication upon. It is a plain error of record which substantially affects the right of the parties and has caused a manifest injustice or miscarriage of justice in this case. Therefore, under Supreme Court Rule 3.27 above set out, this court holds that under such allegations of the petition for service by publication no jurisdiction was conferred over the defendant. Frazier v. Radford, 225 Mo.App. 1104, 23 S.W.2d 639, 640. In this case the court stated:

" * * * Among other things, the affidavit alleges that: '* * * this affiant has good reason to believe, and does believe that the defendants, Lloyd Radford and J. W. Radford are non-residents of the State of Missouri; that the said defendants Lloyd Radford and J. W. Radford have concealed themselves so that the ordinary process of law cannot be served upon them.' The affidavit is unquestionably defective, under the rulings of the Supreme Court, and no jurisdiction was conferred over the defendants Lloyd Radford and J. W. Radford. The allegation that said defendants were nonresidents is inconsistent with the statement that they had concealed themselves so that the ordinary process of law could not be served upon them; the last allegation has reference to residents of the state and not to nonresidents. Coombs v. Crabtree, 105 Mo. 292, 297, 16 S.W. 830. The allegations of nonresidence and of concealment are contradictory and nullify each other as completely as if neither had been written in the affidavit. For this reason there is no allegation in the affidavit which authorized the order of publication, and the judgment against

said two defendants is void. Hinkle v. Lovelace, 204 Mo. 208, 220, 102 S.W. 1015, 11 L.R.A.,N.S., 730, 120 Am.St.Rep. 698, 11 Ann.Cas. 794.''

This holding was approved in Jefferson County Lumber Co. v. Robinson, Mo.App., 121 S.W.2d 209, 211.

In the instant case the allegations in plaintiff's affidavit for constructive service are not put in the alternative. They are inconsistent and plaintiff swears that they both are true. For that reason the court was without jurisdiction to order the publication and the service by publication was void. Therefore, the judgment of the court should be sustained because there was no service upon the defendant and the decree rendered without service is a nullity.

We think the court's decree vacating the judgment and restoring it to the docket for trial should be sustained for another reason.

■ Defendant's motion to set aside the judgment may be considered as in the nature of a writ of coram nobis. In Veal v. Leimkuehler, Mo.App., 267 S.W.2d 387, 389, this law is stated:

"A mistake as to the existence of a fact on which jurisdiction to proceeds depends, the defect not appearing on the face of the record, is ground for a writ of error coram nobis. Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S.W.2d 435; City of St. Louis v. Franklin Bank, 351 Mo. 688, 173 S.W.2d 837; Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103.

"The writ will not issue to correct errors of law. [See authorities cited.] Nor will the writ lie to set aside a judgment for defenses that were available at the trial. The scope of the writ has been described by this court in Townsend v. Boatmen's Nat. Bank, Mo.App., 148 S.W.2d 85, loc. cit. 87, as follows:

" 'It lies for error of fact not appearing on the face of the record, which fact was unknown to the court, and which, if it had been known, would have prevented the ren-

dition and entry of the judgment. The court will not look into the cause of action on which the judgment was rendered, or consider any facts which were in issue and adjudicated, or which might have been presented to the court, on the trial of the cause. The unknown fact to authorize the writ must be of such a character as would, if known, disable the court from rendering the judgment. In other words, the writ lies not for some unknown fact going to the merits of the cause, but for some unknown fact going to the right of the court to proceed, and which defeats the power of the court to attain a valid result in the proceeding. * * *' "

In Wagner v. Shelly, 240 Mo.App. 550, 210 S.W.2d 394, 396, this law was stated:

" * * * Such writ contemplates an assault upon an error of fact dehors the record. All the cases hold to the effect that the 'irregularities' or 'errors of fact' must be such as would have prevented, if known, the rendition and entry of. the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accordance with established rules of procedure." (See authorities cited.)

■ Writ of error coram nobis will lie when court has proceeded in case as though fact material to court's right to proceed existed, when it did not exist and in its absence entirely defeated the court's power to obtain valid results. General Motors Acceptance Corporation v. Lyman, 229 Mo. App. 455, 78 S.W.2d 109.

■ The court proceeded, in the instant case, upon the assumption that plaintiff and the defendant were residents of the state of Missouri, or at least, that the defendant was a resident of the state of Missouri. Had he known that plaintiff, at the time she filed her petition, had only been in Pemiscot County for eight days, and was a resident of Michi-

gan, such fact would have prevented him from rendering and entering the judgment challenged. Likewise, had he known that plaintiff knew at the time she filed her petition, the place of residence of her husband, he would not have rendered such judgment. These facts were material to the court's right to proceed and, in their absence, would entirely have defeated the court's power to render a valid judgment. In other words, the judgment was obtained by false allegations in the petition, which facts were unknown to the court, but which determined the court's right to proceed. These defenses were not available at the trial for the reason that defendant was not served.

It was held in Townsend v. Boatmen's Nat. Bank, Mo.App., 148 S.W.2d 85, 87, that the writ lies for error of fact not appearing on the face of the record, which fact was unknown to the court, and which, if it had been known, would have prevented the rendition and entry of the judgment. We think this statement of the law equally applies in the instant case. The facts pleaded in the motion to set aside the judgment do not appear of record, they were facts unknown to the court, and, if such facts had been known they would have prevented the rendition and entry of the divorce judgment. They were facts not adjudicated or in issue in the trial of the divorce case or which might have been presented to the court in the trial of the cause. Haines v. Jeffrey Mfg. Co., Mo.App., 31 S.W.2d 269; Vol. 17–A Mo.Dig. (Judgment) ■

Having decided that there was no valid service in this case and that the judgment should be sustained under the facts pleaded in the motion as a writ of coram nobis, it is unnecessary to pass upon the remaining allegations of error in plaintiff's brief.

Judgment affirmed.

STONE and RUARK, JJ., concur.