Rita PUGA, Respondent,

v.

Francisco PUGA, Appellant.

No. WD 38532.

Missouri Court of Appeals,
Western District.

April 21, 1987.

Rehearing Denied June 2, 1987.

Henri J. Watson and Russell S. Dameron, Kansas City, for appellant.

Edward R. Spalty & Ramon Murguia of Dietrich, Davis, Dicus, Rowlands, Schmitt & Gorman, Kansas City, for respondent.

Before GAITAN, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an appeal from a judgment denying a motion to set aside a default decree of dissolution. The judgment is affirmed in part and reversed in part and the cause is remanded.

Appellant presents a sole point which charges that the trial court erred in denying his motion to set aside a default judgment because the trial court lacked jurisdiction over appellant.

The pertinent facts are as follows:

Appellant Francisco Puga appeals from an order of the associate circuit court entered June 9, 1986, denying appellant's motion to set aside a default judgment against him in an action for dissolution of marriage. Respondent Rita Puga filed her action for dissolution on March 28, 1985, seeking to dissolve her marriage of 26 years to appellant. When respondent filed the petition, appellant was residing in Mexico and his whereabouts were not known to respondent. Appellant had abandoned respondent and had not contacted her after August 20, 1984.

With the petition for dissolution, respondent filed an affidavit requesting service by publication stating that appellant was not a resident of Missouri and could not be served with process in this state and that appellant's address was unknown. The court entered an order of publication of notice, and the notice was published in April and May, 1985.

On June 5, 1985, the court held a hearing on the petition and respondent presented evidence. Appellant was not present. The court entered a decree of dissolution awarding all personal and real property of the marriage in respondent's possession to respondent.

On May 23, 1986, almost one year after the decree was entered, appellant filed a motion to set aside the dissolution decree, pursuant to Rule 74.32. He alleges that the affidavit for service by publication contains inconsistent statements and was invalid and insufficient to warrant the order for service by publication. Appellant complains further that no evidence was presented that respondent made any attempt to locate appellant before requesting the order of publication of notice. This appeal followed the denial of appellant's motion.

Appellant relies on Rule 74.32, which provides that a judgment may be set aside for irregularity if a proper motion to do so is filed within three years of the rendition of the judgment. The irregularity about which he complains consists of the averments of the affidavit for service by publication. He claims that statements to the effect that the respondent's address is unknown and that the respondent is not a resident of the State of Missouri are logically inconsistent. His rationale is that if Rita Puga did not know Francisco Puga's address, she could not state with certainty that he was not a resident of Missouri.

■ The statements in the affidavit are not inconsistent. First, in August, 1984, Rita Puga knew that Francisco was leaving the State of Missouri for the purpose of travelling to Mexico and remaining there as a resident. He had not contacted her or given her his current address, however, and she did not know how to contact him regarding the dissolution proceedings. The statements in the affidavit are both accurate and consistent with each other.

Further, both statements were necessary to comply with the requirements of Rule 54.17 for service by publication. The Rule requires that the affidavit contain averments stating the following:

(b)(1) ... facts showing why service cannot be obtained under Rule 54.13, Rule 54.14 or Rule 54.16, and

(2) if known, the address of the party to be served or in lieu thereof a statement that said address is unknown.

The statement in the affidavit that Francisco Puga was not a resident of the state was necessary to explain why personal service could not be obtained under Rule 54.13. The rule also required Rita Puga to state that her husband's address was unknown to explain why service could not be obtained outside the state pursuant to Rule 54.14 or Rule 54.16. The affidavit does not contain inconsistent statements, and no irregularity appears in the record on which the court's publication order was based.

Appellant's claim that the affidavit was fatally flawed is not supported by the cases cited in his brief. The affidavit used by the party in *Frazier v. Radford,* 225 Mo.App. 1104, 23 S.W.2d 639 (1926), can be distinguished from the affidavit used in the case at bar. That case involved a claim for work and materials furnished by the plaintiff for a drainage district. Plaintiff sought service by publication on the individual defendants who had not paid him, and alleged in his affidavit that the defendants were not residents of the State of Missouri and that they had concealed themselves so that the ordinary process of law could not be served on them. The court held that the affidavit was defective, and that it did not confer upon the court jurisdiction over the defendants. *Id.* 23 S.W.2d at 640–41.

Appellant argues that the statements in the affidavit in the instant case are inconsistent in the same manner that the statements were in *Frazier.* But the court in *Frazier* found the statement that the defendants were nonresidents inconsistent with the allegation that they had concealed themselves because the latter allegation was intended in such cases to refer only to residents of the state. *Id.* The allegations of nonresidence and concealment were contradictory and acted to nullify each other as if neither had been written in the affidavit. *Id.*

Similarly, the affidavit in *Sigwerth v. Sigwerth,* 299 S.W.2d 581 (Mo.App.1957), stated both that the defendant was a nonresident of the State of Missouri and that he had concealed himself so that the ordinary process of law could not be served upon him. *Id.* at 584–85. The court held that the affidavit did not confer jurisdiction upon the trial court to order service by jurisdiction, and stated that "allegations of nonresidence and of concealment are contradictory ..." *Id.* at 585.

The affidavit in the instant case does not make the allegation that Francisco Puga had concealed himself to avoid service of process; the allegation that his address was unknown is distinguishable. It was included to explain why he could not be served in another state by some means other than publication, such as mailing.

The disposition of the present case, however, does not turn upon the validity of the affidavit regarding the alleged inconsistent statements. This case involves the question of whether the trial court had jurisdiction in the matter.

This appeal is controlled by the rule announced by this court in *In re Marriage of Breen,* 560 S.W.2d 358, 361 (Mo.App.1977). The rule in *Breen* declares that the action for dissolution is in rem regarding the status of the parties relative to the dissolving of their marital contract. The same rule concludes that the trial court has, in rem, jurisdiction to adjudicate the rights of the parties as to any property within the state even though one of the parties is absent. However, the same rule in *Breen* declares that the trial court does not acquire jurisdiction to dispose of the real or personal property of a party who has been served by publication under Rule 54.17 unless there is proper notice and the notice of publication includes "a description of any property to be affected." No such "description" was contained in the notice in the present case. Hence, there was no "proper notice." Thus, the trial court acquired no jurisdiction to adjudicate the marital property consisting of personal property.

■ Upon the record and pursuant to the rule in *Breen, supra,* the disposition of this appeal is as follows: That portion of the judgment declaring the marriage of the parties is dissolved and that they are declared to be single persons is affirmed. That portion of the judgment disposing of the marital property is reversed. The cause is remanded for further proceedings upon the sole issue of award and distribution of the marital property.

All concur.