Daniel E. Fitzpatrick, J.
The plaintiffs in the above-entitled actions move to confirm the report of Honorable Samuel S. Tripp, Special Referee, dated May 20, 1963. The defendants seek the denial of the motion solely on the ground that the notice of motion and the affidavit in support thereof were received on May 31, 1963, two days before the return date thereof — June 3, 1963.
*345 A notice of motion, together with the supporting papers, must be served at least eight days before the return date thereof, except where the attorneys for all parties have their offices in the same city or village, in which event only five days’ notice need be given (Rules Civ. Prac., rule 60). For service of the motion papers by mail, three days must be added to the time prescribed, as aforesaid, or by any other rule or statute which prescribes the time within which a notice must be given or a paper served (Civ. Prac. Act, § 164). (See CPLR, rule 2214, subd. [b]; rule 2103, subd. [b], par. 2.) Where untimely notice is given, Special Term has no jurisdiction to decide the motion. (Morabito v. Champion Swimming Pool Corp., 18 A D 2d 706.) Service of motion papers by mail is complete regardless of the date of receipt (14 Second Ave. Realty Corp. v. Szalay, 16 A D 2d 919; Jackson & Perkins Co. v. Rose Fair, Inc., 278 App. Div. 890; Anthony v. Schofield, 265 App. Div. 423, 425) if made 11 days before the return date or 8 days if the attorneys for the respective parties have their offices within the same city or village. In the instant case, the attorneys for the plaintiffs have their offices in the Borough of Queens and the attorneys for the defendants in the Borough of Manhattan, both in the City of New York.
According to a photostatic copy of the envelope in which the motion papers were mailed by the plaintiffs’ attorneys, such mailing took place in Jamaica on May 29, 1963, at 9:30 p.m., or less than the required eight days. Under these circumstances, the court is constrained to sustain the technical objection to the motion interposed by the defendants, notwithstanding that they did not oppose confirmation of the Special Referee’s report in the companion action decided simultaneously herewith (Kail v. Schuckman, 39 Misc 2d 300) which involved at least in part the same legal question, the underlying facts in which were developed at the same hearing before the Special Referee.
The motion is accordingly denied without prejudice to renewal upon timely notice of motion.