Haydn OWENS and Nancy Owens, His
Wife, Plaintiffs-Respondents,

v.

Evelyn VESELY, a/k/a Evelyn Vesely
Nemecek, Defendant-Appellant.

No. 12009.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 6, 1981.

John F. Low, Low & Honssinger, Lebanon, for plaintiffs-respondents.

John E. Curran, Lewis Z. Bridges, Curran & Loraine, Osage Beach, for defendant-appellant.

PREWITT, Presiding Judge.

■ Defendant failed to appear at the time set for trial and a judgment was taken against her. She requested a writ of error coram nobis to set aside the judgment because she did not receive notice of the trial setting. The request was denied and she appealed. Plaintiffs filed a motion to dismiss the appeal contending that the notice of appeal was not timely filed. The motion was taken with the case and is now denied. The time for filing the notice of appeal would ordinarily have expired the day before the notice was filed. However, that day was a legal holiday and the notice filed the next day was timely. Rule 44.01(a).

Plaintiffs sued defendant and her husband, now deceased, claiming that they misrepresented the size of a tract of Camden County land they sold in 1971 to plaintiffs. In part payment plaintiffs executed two notes, the payment of which was secured by deeds of trust on the property. Defendant and her husband were living in Glen Ellyn, Illinois when suit was filed in 1973. They hired an attorney and an answer was filed in their behalf. In 1974 defendant and her husband moved to Galena, Illinois. On February 27, 1976, their attorney sent a letter to them at Glen Ellyn stating that because of health reasons he had to withdraw. He enclosed with it his file on the matter. A copy of that letter was apparently sent to plaintiffs' attorney. The letter was returned by the postal authorities with the explanation that no forwarding order was on file. On March 21, 1976, defendant's attorney sent a letter to her at Galena again enclosing his file together with a copy of his letter of February 27, 1976. Defendant received this letter. The attorney (now deceased) requested permission of the court to withdraw by motion filed August 31, 1976. On that day an order was entered allowing him to withdraw. Attached to the motion were copies of the letters of February 27, 1976 and March 21, 1976, the latter bearing defendant's address in Galena, Illinois. The motion does not contain a certificate of service and the record does not show that it was served on plaintiffs' attorney. Another attorney was not hired to defend the suit. The case was set for trial on May 23, 1977; defendant failed to appear, and judgment was entered against her. At that time defendant was still living in Galena at the address shown on the letter of March 21, 1976.

Defendant contends that as her address was in the court's file, she should have been notified of the trial setting as provided by local court rule. Plaintiffs admit that defendant did not receive notice of the trial setting but claim that they were unaware that her correct address was in the court's file and that they had only her Glen Ellyn address. They contend that their attorney attempted to locate her current address but was unable to do so. The purpose of his initial attempts to locate defendant was to discuss settlement of the matter with her or her new attorney, if any, and there is no indication in the record that his attempts were not in good faith. Plaintiffs' attorney says he inquired of her former attorney as to her address and was given the Glen Ellyn, Illinois address, and all correspondence sent to her there was returned and he was not able to acquire a different address.

Plaintiffs' attorney wrote plaintiffs in September of 1976 telling them he wanted to try to settle their claim directly with defendant but after writing her at the Glen Ellyn address his letter had been returned with the notation that she had moved and left no forwarding address. He asked them to send him her current address. Plaintiffs had sold the property they purchased from defendant and her husband and were then living in California. They wrote back giving as their "last address" for defendant

the Glen Ellyn, Illinois address that the attorney had been using. In December of 1976 plaintiffs' attorney wrote plaintiffs telling them that the letter he sent defendant at the address plaintiffs gave him was returned "Not deliverable as addressed, no forwarding order on file". He inquired if they knew of any friends of defendant that might know her address. He also inquired if the "mortgage" was paid or if the buyers assumed it and would know defendant's address. Plaintiffs replied that it was paid off when the property was sold but that a realtor, Al Bailey, might have her address. Bailey was apparently not involved in the closing when plaintiffs sold the property. Plaintiffs' attorney wrote Bailey but the letter either did not reach him or he did not reply. The attorney then sent three letters to addresses he assumed would be adjoining defendant's former street address in Glen Ellyn, Illinois. These letters were addressed to "Occupant" and advised that he was trying to locate defendant, gave her Glen Ellyn address and asked that if they had knowledge "as to her whereabouts" would they please contact him by mail or call him collect. Two of the letters were returned with the notation "NO SUCH NUMBER". The one not returned brought no response. His other efforts to get defendant's address also failed.

Defendant testified that she must have notified plaintiffs of her Galena address because she received payments from them at that address on the notes secured by the deeds of trust on the property. Plaintiffs sold the property and the notes were paid off in March of 1976. The real estate broker who handled the closing of the sale said that he got defendant's Galena address from plaintiffs prior to March of 1976. The trial judge was apparently convinced that in March of 1976 plaintiffs had defendant's Galena address but believed that this did not necessarily show they knew the address in September of that year. The trial court denied the relief sought because defendant failed to hire another attorney and "negligently set by and did nothing" in regard to the lawsuit.

A writ of error coram nobis is not a writ of right, but is granted or refused in the discretion of the court. *Vorhauer v. Sweeney*, 217 S.W.2d 985, 987 (Mo.App. 1949). See also *Zahorsky v. Zahorsky*, 543 S.W.2d 258, 261 (Mo.App.1976); *Pike v. Pike*, 239 Mo.App. 655, 193 S.W.2d 637, 641 (1946). It lies for errors of fact which would make the judgment erroneous and if known by the court would have prevented its rendition. *Loeffler v. City of Kansas City*, 557 S.W.2d 656, 657 (Mo.App.1977); *Zahorsky v. Zahorsky*, supra, 543 S.W.2d at 260. See also *Chrisco v. State*, 586 S.W.2d 407, 409 (Mo.App.1979). The writ lies to set aside a judgment where, unknown to the court, a party does not receive proper notice of the proceedings. See *Badger Lumber Co. v. Goodrich*, 353 Mo. 769, 184 S.W.2d 435, 439–440 (1944); *General Motors Acceptance Corporation v. Lyman*, 229 Mo. App. 455, 78 S.W.2d 109 (1934); *Hecht Bros. Clothing Co. v. Walker*, 224 Mo.App. 1156, 35 S.W.2d 372 (1931).

Generally, to set aside a judgment a party has the burden to show that the failure to appear was not due to negligence. *Bindley v. Metropolitan Life Insurance Company*, 335 S.W.2d 64, 70 (Mo.1960); *Harriman v. Household Finance Corporation*, 608 S.W.2d 117, 119 (Mo.App.1980). A writ of coram nobis does not lie to grant relief from a result caused by the negligence of the complaining party. *Badger Lumber Co. v. Goodrich*, supra, 184 S.W.2d at 440; *Jeffrey v. Kelly*, 146 S.W.2d 850, 852 (Mo.App.1940); *Haines v. Jeffrey Mfg. Co.*, 31 S.W.2d 269, 270 (Mo.App.1930); *Degener v. Kelly*, 6 S.W.2d 998 (Mo.App.1928). See also *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132, 142 (banc 1952); 18 Am.Jur.2d, Coram Nobis and Allied Statutory Remedies, § 11, p. 466; 49 C.J.S. Judgments § 312c, p. 565; Annot., Right to writ of coram nobis as affected by intentional or negligent failure to bring facts to attention of court, 58 A.L.R. 1286 (1929). Thus, even if we concede that defendant's other contentions are correct, if she was guilty of negligence which directly contributed to the judgment being entered, that would bar the

relief sought. The trial court found that she was so negligent. We should affirm the trial court's determination unless there was no substantial evidence to support it, unless it was against the weight of the evidence, unless it erroneously declared the law, or unless it erroneously applied the law, and should set aside the decree on the ground that it is against the weight of the evidence with caution and with a firm belief that the judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Defendant contends that the trial court's finding was against the weight of the evidence and erroneously applied the law. Defendant testified that she did not secure an attorney to defend this matter because she was told by an attorney in Illinois that she could wait until she received a notice that the case was set for trial to employ an attorney. When plaintiffs sold the land and the notes and deeds of trust were paid she assumed that the case was dismissed.

A party has a duty to keep abreast of all proceedings in a case from service of original process until final judgment [*Bindley v. Metropolitan Life Insurance Company*, supra, 335 S.W.2d at 70], and is charged with notice of all subsequent steps taken in the case down to and including judgment, even if he has no actual notice of it. *Meadowbrook Country Club v. Davis*, 384 S.W.2d 611, 613 (Mo.1964). In the absence of a rule or statute it is not necessary to give a party notice of the time a case is set for trial. *Rubbelke v. Aebli*, 340 S.W.2d 747, 751 (Mo.1960). There was a local court rule here requiring the party requesting that a case be placed on the trial docket for a trial setting to give notice to the other party. We do not think that defendant can rely on such rule to prevent her from being negligent as she had no assurance that her current address was still known to plaintiffs or could have been ascertained by them or their counsel. She might have assumed this was so by believing that plaintiffs had her address but we think that such reliance, if there was such, did not justify her ignoring the pending suit. In *Fox-Miller Grain Co. v. Stephans*, 217 S.W. 994, 996 (Mo.App.1920), coram nobis did not lie where the defendant answered but "laid dreamily by, without inquiry or excuse" and let a judgment be taken against him. Because of her failure to follow the progress of the case herself or to secure an attorney to do so for her, we cannot say that there was no substantial evidence to support the court's finding that defendant was guilty of negligence which prevented the relief sought; nor can we say with a firm belief that the finding was against the weight of the evidence. Having found her guilty of negligence the court correctly applied the law and denied the relief sought.

The judgment is affirmed.

HOGAN, BILLINGS and MAUS, JJ., concur.