**Lloyd GROVES, Respondent,**

v.

**Ronald H. HALL, Appellant.**

**No. WD 32693.**

Missouri Court of Appeals, Western District.

Feb. 2, 1982.

Roger M. Baron, Tuscumbia, for appellant.

Clarence W. Hawk, California, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Lloyd Groves filed suit against Ronald Hall on a promissory note. Hall filed an answer and counterclaim for work performed on Groves' land. On failure of Hall to appear for trial, the court entered judgment against Hall on the petition and dismissed his counterclaim.

On this appeal Hall contends he was not properly notified of the date the cause would be tried. Reversed and remanded.

After the pleadings had been made up, Groves filed a motion for trial setting. After this motion was filed but before it was presented, Hall's attorney filed a withdrawal. Thereafter the cause was set for trial on January 20, 1981. The court did not take up this matter on January 20 but the docket sheet shows that on February 7, 1981, Hall was notified "of this date". Apparently this entry referred to the fact that the case had been set for trial on February 12. On February 12 the court entered a "default" judgment on Groves' petition against Hall and dismissed the counterclaim. The docket sheet recites that on February 12 the court permitted Hall's attorney to withdraw. It further recites that Hall failed to appear for trial on February 12.

The judgment recited that Hall had been duly notified of the court date but did not appear. The docket sheet indicates that on November 13, 1980, the case was set for trial on January 20, 1981. The next entry is dated February 7 and states, "Deft. notified this date by notice." The next entry is dated February 12 and recites the entry of judgment.

Hall filed a motion for new trial on February 23rd in which he requested the judgment be set aside. Following the overruling of that motion, this appeal was taken.

Hall contends the judgment should be set aside because he was not given the required notice set forth in the local court rules of Miller County. Rule 63.02 provides that in multiple judge circuits, civil actions shall be set for trial in accordance with the rules of court. Miller county is in the 26th Circuit which has two circuit judges. Section 478.-705, RSMo 1978.

Rule 2.4(c) of the local rules of the 26th Circuit requires five days written notice to be given to other parties before a matter is heard. The rule provides that the time for giving notice shall be calculated as specified by Rule 44.01, and further specifies that in the event notice is given by mail, an additional three days shall be added to the five-day period, as provided in Rule 44.01(e).

■ In this case there is no proof of service of any kind on Hall by anyone. There is an affidavit by Groves' attorney which was given after the motion for new trial was filed, stating that the clerk had notified Hall by first-class mail on February 7 of the hearing to be held on February 12. The legal file does not contain any proof of service given by the clerk. However, the affidavit of Groves' attorney coincides with the docket sheet which indicates notice was given on February 7. It is apparent that notice mailed on February 7 was inadequate, because the local rule required that three days additional was required to the five-day notice when such notice was given by mail. Accepting the affidavit that the clerk mailed the notice, still the mailing is said to have occurred on February 7 and was only five days prior to the hearing.

■ Nor does the recital in the judgment that Hall was duly notified foreclose further inquiry of whether Hall was in fact given the required notice. In *Cloud v. Inhabitants of Pierce City*, 86 Mo. 357, 369 (1885), the court quoted with approval the statement that a recital of service contained in the judgment will be construed with the whole record and will be deemed to refer to the kind of service shown by the other parts of the record. Here the docket sheet shows that notice was given on February 7 which was three days short of the notice required by the court's own rule. Thus the recital in

the judgment that Hall was duly notified does not conclusively show that Hall was given the required notice when the other parts of the record show he was not.

Because the case was taken up and tried without giving the required notice to Hall, the judgment must be reversed. *Koppelman v. Schuckman*, 39 Misc.2d 344, 240 N.Y. S.2d 678 (1963).

The judgment is reversed and this cause is remanded for further proceedings.

All concur.