William E. BRUMMIT, et al.,
Plaintiffs-Respondents,

v.

O'FALLON BROS. CONSTRUCTION
COMPANY, et al.,
Defendants-Appellants.

No. 47186.

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 1984.

David J. Barton, Arnold, for defendants-appellants.

Steven L. Leonard, Clayton, for plaintiffs-respondents.

SNYDER, Judge.

This is an appeal from a default judgment entered in favor of plaintiffs-respondents and against defendants-appellants for $8,500. The judgment is affirmed.

Appellant's brief contains three points relied on:

I.  The court erred in proceeding to trial without notice to Appellants.

II.  The court erred in sustaining Respondents' Motion for Partial Summary Judgment against Appellants since there was a genuine issue as to liability.

III.  The judgment was improperly entered against persons not a party in the lawsuit.

The points relied on do not state wherein and why the trial court erred as required by Rule 84.04(d).  See *Thummel v. King*, 570 S.W.2d 679, 685–686 (Mo. banc 1978). Although this court could dismiss the appeal because of the violation of Rule 84.04(d), the points will be addressed as a matter of grace.

Appellants' corporation agreed to construct a house for respondents.  Respondents were not satisfied with the house built by appellants and sued them.  A hearing on respondents' motion for partial summary judgment and the trial was set for February 14, 1983.  Trial was ultimately held on March 21, 1983.  Appellants failed to appear.  Partial summary judgment was granted, and after testimony, default judgment for $8,500 was entered in favor of respondents.

**442**

The first point appears to complain that appellants were not given personal notice of the trial settings of February 14, 1983 or March 21, 1983. Appellants cite no authority for their premise that personal notice of a trial setting must be sent to litigants. This court holds that such a premise is false. Rather, the parties to the case have a duty to be reasonably diligent in attending to their case. See *Boyer v. Fisk*, 623 S.W.2d 28, 30 (Mo.App.1981).

Moreover, appellants' attorney sent one of appellants (all of whom are trustees for a defunct corporation) a registered letter advising him of the February 14, 1983 trial setting before withdrawing from appellants' representation, but the letter was refused. Point one is denied.

Point two can be disposed of summarily. Respondents' partial motion for summary judgment relied on appellants' failure to respond to respondents' request for admissions as the basis for finding appellants liable. The trial court took judicial notice of the request and the failure of appellants to respond.

The request for admissions is nowhere found in the legal file. Without knowledge of the contents of the request for admissions, this court cannot determine whether the trial court erred in granting a partial summary judgment. It is appellants' responsibility to provide a record on appeal containing everything necessary to determine the questions presented. *Coulter v. Michelin Tire Corp.*, 622 S.W.2d 421, 437 (Mo.App.1981), cert. den. 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982). Appellants' abdication of that responsibility leads this court to deny appellant's second point.

The judgment was not improperly entered against persons not parties to the lawsuit. The judgment was rendered against "defendants" not "defendants individually" as appellants seem to believe. The defendants in the lawsuit were the defunct corporation and its trustees. The judgment against defendants is therefore construed as a judgment against the defendants as named in respondents' amended petition. Point three is denied.

The judgment is affirmed.

KELLY, P.J., and STEWART, J., concur.