CREDIT CARD CORPORATION, et al., Appellants,

v.

JACKSON COUNTY WATER COMPANY, et al., Respondents.

No. WD 35871.

Missouri Court of Appeals, Western District.

April 2, 1985.

Leo M. Mullen, M.D., Pro Se.

John R. O'Malley, Grandview, for respondents.

Before TURNAGE, C.J., SOMERVILLE, and MANFORD, JJ.

PER CURIAM.

Credit Card Corporation and Leo M. Mullen appeal from a judgment in their favor for $1,380. Appellants contend that the judgment should be set aside in that it was entered after a trial at which appellants were not present and of which they were given no notice.

The judgment is reversed and remanded as to Mullen. The appeal is dismissed as to Credit Card Corporation.

Appellants filed suit against Jackson County Water Company and its officers exercising their rights as dissenting stockholders of ten shares of Class B stock in the Jackson County Water Company. They alleged that they were entitled to the fair market value of their stock as of the day prior to the date on which the vote was taken authorizing the sale of the company to the city of Belton. They asserted that the "reasonable value of said shares of stock owned by plaintiffs is believed to be $50,000." Respondents filed an answer basically denying all of appellants' allegations. By court order, the cause was set for trial on the non-jury docket for the week of March 19, 1984.

On January 28, appellants filed a motion to set aside the decision of the court regarding a non jury trial, and requested a jury trial and a change of judge. Nothing further was done on the motion. On March 14, respondents entered an appearance and filed a confession of judgment. They admitted that appellants were the owners of ten shares of Class B stock and were entitled to the $1,380, the fair market value of their stock as of the day prior to the stockholder meeting. The court entered a judgment in favor of appellants for this amount.

On March 19, the case was called on the non-jury docket. Both appellants and respondents were present. The motion of appellants for change of judge and for jury trial was called to the attention of the court. Respondent's attorney, having recently entered an appearance, had not seen this motion. The motion was granted, and since the court had been unaware of the motion, the order of March 14 allowing a confession of judgment was set aside. The court ordered the file transferred to the Presiding Judge for reassignment.

At this point, appellant Mullen left. The file was then delivered to the Presiding Judge who immediately reassigned the case. As soon as the case was transferred to Judge Mauer, respondents appeared and requested that the matter be immediately tried. Wherein the following took place:

Court: This will be in the matter of Credit Card Corporation, et al. vs. Jackson County Water Company, et al., CV83–1691. Let the record show that the plaintiffs make no appearance either in person or by attorney; that the defendants Jackson County Water Company, Ila Rea Flanery and James D. Crabtree appear through attorney, Mr. John R. O'Malley. The record should further reflect that the matter came on for regular hearing in Division 3. That the judge of Division 3, after it being called to his attention that the plaintiffs had filed a request for a change of judge in January, transferred this case to the Presiding Judge for reassignment to another division for trial on this date.

Let the record further show that I am advised by Mr. O'Malley that the plaintiff appeared in Division 3 in the personage of Dr. Leo M. Mullen. That Dr. Mullen was advised that this matter would be transferred to another division for trial today. Is that correct, Mr. O'Malley?

Mr. O'Malley: Your Honor, he was told in Division 3 that it would be transferred. He did not stick around for it to go across the hall to the Presiding Judge. He left before it went there.

Court: But was he told that it would be tried today?

Mr. O'Malley: Well, he was told—I asked Judge McKelvey that it would be certified forthwith and he said it would be. I don't know that the words "it would be tried today" were used but it was certainly—in fact Judge McKelvey even asked where I was going to be, if I was going to wait out in the hall for the file. So I don't believe anyone could have misunderstood that it was to be handled immediately.

The respondents then presented their evidence, and the court entered a judgment on the evidence in favor of appellants for $1,380. On March 28, appellants filed a motion to have the judgment set aside. Appellants asserted that the case was reassigned without any notification to appellants. Appellants asserted that they were denied their right to a jury trial, and that they were entitled to be notified prior to trial and this was not done. Appellants' motion was denied. On appeal, appellants act pro se. Appellant Mullen purports to represent both himself and Credit Card Corporation.

■ As to appellant, Credit Card Corporation, the appeal is dismissed. The record reveals that when this action commenced, both Mullen and Credit Card Corporation were represented by legal counsel. Apparently, counsel became incapable of continued representation and Mullen proceeded to handle the matter. Mullen is the major stock holder of Credit Card Corporation. Subsequent to the proceedings in the trial court, Credit Card Corporation was without legal counsel.

While Mullen can represent himself on appeal, he cannot, even on a single occasion, represent another, whether for consideration or not, and this includes Credit Card Corporation. It also has been held that corporations cannot appear in legal proceedings, except by an attorney. *Liberty Mutual Insurance Co. v. Jones*, 344 Mo. 932, 130 S.W.2d 945 (1939), *Dobbs Houses, Inc. v. Brooks*, 641 S.W.2d 441 (Mo.App. 1982).

The failure of Credit Card Corporation to have been represented by counsel and the failure to have complied with our Rules 84.04–84.07 means that in effect no brief was filed on behalf of the corporation and requires the appeal of Credit Card Corporation be dismissed. Rule 84.08. *Ward v. Johnson*, 480 S.W.2d 104 (Mo.App.1972).

This appeal is decided only as to appellant Leo Mullen.

■ Mullen's sole point on appeal is that the trial court erred in not setting aside the judgment in his favor for $1,380 in that Mullen was entitled to notice of the trial of his cause which he was not given. A motion to set aside judgment is the proper remedy to set aside a judgment when an irregularity is patent on the face of the record. Rule 74.32; *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157 (Mo.App. 1973); *Rubbelke v. Aebli*, 340 S.W.2d 747 (Mo.1960). An irregularity for which judgment may be set aside is want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary to do and orderly conduct of a suit, or doing it at an unreasonable time or in an unreasonable manner. *Walsh v. Walsh*, 652 S.W.2d 274 (Mo.App.1983). There is little room for discretionary action of a court when it is considering an irregularity on the face of the record. *Murray v. United Zinc Smelting Corp.*, 263 S.W.2d 351 (Mo.1954).

■ In disposing of this appeal, two questions must be decided. First, did Mullen have notice of the trial in the instant case; and second, if not, was failure to give notice an irregularity requiring the judgment to be set aside?

After reviewing the entire record in this case, it is concluded that appellants did not have notice of the trial. Respondents do not argue otherwise. Therefore, the second question is taken up. Were appellants entitled to notification before the trial took place in their absence? In *Walsh v. Walsh, supra,* the court stated that failure to give notice of the trial setting is a procedural defect that may merit relief under Rule 74.32 allowing a judgment to be set aside for irregularity on the face of the instru-

ment. The court stated that notice must be given either by adverse counsel, the court, or by some court rule providing that at specific times cases will be heard; the record should establish that the parties have been provided notice of the trial setting or that the address of a party is unknown and the party cannot be notified. The court in *Walsh,* however, went on to affirm the judgment holding that the trial court's denial of defendant's motion did not constitute an abuse of discretion in that defendant neglected to look after the course of the proceedings in his case. Other cases have likewise held that a party has a duty to keep abreast of the proceedings in his case and that if he is negligent in doing so, he is not entitled to relief. See also *Harriman v. Household Finance Corporation,* 608 S.W.2d 117 (Mo.App. 1980), where appellant became aware of fact he had been sued and that an an action was pending against him but did not consult counsel, or expend any effort to ascertain the nature of the litigation, or ascertain what steps subsequent to the filing of the petition were being taken, and a default judgment was rendered against him, the court found defendant negligent and denied relief. In *Owens v. Vesely,* 620 S.W.2d 430 (Mo.App.1981), where appellant's attorney withdrew eight months prior to the trial, and appellant took no action to hire a new one or ascertain the status of her case or the trial date, and where respondents attempted to give notice to appellant but did not have her new address, the court found appellant negligent and denied her relief from the default judgment. In *Walsh v. Walsh,* supra, the court likewise found appellant neglected to look after the course of proceedings in his case and denied relief. In *Walsh,* the case had been set for trial four times prior to the appellant attorney's withdrawal. The case was set for trial thirty days later. Appellant made no effort to ascertain the trial date. The court stated that a diligent party could have learned of the trial setting from the record in time to defend. The court in *Walsh,* also noted that after the default, no action was taken by appellant for ten months.

However, the instant case is distinguishable. This is not a case where appellants failed to keep abreast of what was going on in this case. This is not a case where they sat back and did nothing. The record clearly establishes active participation in the course of the proceedings. Mullen was present on the morning of March 19 when the case was called on the non-jury docket. Mullen made known to the court his motion for a jury trial and change of judge which had been filed in January and which the court had never ruled upon. The court sustained the motion and ordered the cause transferred to the Presiding Judge for reassignment. The order said nothing indicating the case was to be tried that day. Nor did the judge say anything to Mullen that would indicate to him he should stick around because his cause could be tried that afternoon. Mullen's request for a jury trial was still pending.

The record shows that it was after the case was transferred to the new judge that the respondents' appeared and asked for a trial. This, of course, was after Mullen left the courtroom. Yet the respondents had been with Mullen that very morning and apparently said nothing about their intention.

This is not a case where Mullen's address was unknown or Mullen could not be contacted. However, no effort whatsoever was made by either the court or respondent to notify Mullen of the trial.

In short, we have here plaintiffs who filed suit and clearly wanted a trial as to their claim. The proceedings in the case were followed and Mullen was there the morning the case was called on the docket. The failure of Mullen to remain until his case was transferred and reassigned did not rise to a level of neglect such as to justify the extreme sanction of holding a trial in his absence without any notification whatsoever, particularly since Mullen was given no indication his case was to be tried that afternoon. It is ruled that Mullen should have been given notice under the circumstances.

Respondents' argument to the contrary is without merit. Respondents argue that this is a case of confession of judgment, and, therefore, the proceeding could be ex parte and no notice was required. Respondents cite *Fritzsche v. East Texas Motor Freight Lines*, 405 S.W.2d 541 (Mo. App.1966), in support of their argument. This is not a case of confession of judgment. The idea behind a confession of judgment is that the defendants admit to all of the allegations of plaintiff's petition. Therefore, since there is no issue left to try and since plaintiff is getting everything he asks for no notice is required. *Fritzche* at 545. However, in the instant case, Mullen claimed in his petition that he was entitled to the fair market value of his ten shares of stock which he believed was worth around $50,000. Respondents admitted Mullen owned ten shares of stock but stated the fair market value of the stock was $1,380. Mullen was entitled to a trial to resolve that issue.

The appeal by Credit Card Corporation is dismissed. The judgment, as applied to appellant Leo M. Mullen, is reversed and the cause remanded.