Vivian **BROWN**, Appellant,

v.

**GENERAL MOTORS ASSEMBLY DIVISION**, Respondent.

No. 49371.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 6, 1985.

Harry James Nichols, St. Louis, for appellant.

Daniel J. Harlan, St. Louis, for respondent.

CRANDALL, Judge.

Plaintiff, Vivian Brown, appeals from an order denying her motion under Rule 74.78 to set aside a judgment affirming a decision of the Labor and Industrial Relations Commission. She claims the judgment should have been set aside because she did not receive notice of entry of the judgment. We reverse and remand.

The record shows the circuit court entered judgment on March 30, 1984, affirming the Commission's denial of benefits to

plaintiff. The legal file shows a notation stating, "Copies sent to attorneys," just below the notation for entry of the judgment.

Plaintiff did not take a direct appeal from the judgment. On September 13, 1984, plaintiff filed a motion to set aside under Rule 74.78. This motion was overruled on October 16, 1984, and plaintiff's appeal is from the order overruling the motion.

Rule 74.78 states:

Upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided in Rule 43.01 upon every party affected thereby who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order of judgment. If such notice is not given, said order or judgment shall be set aside for good cause shown upon written motion filed within 6 months from the entry of the order of judgment.

The court's order denying the motion stated the "court lacks jurisdiction to hear any further matters in this case." On appeal, defendant argues that the trial court ruled correctly because the court's jurisdiction ended thirty days after entry of the judgment under Rule 75.01.

■ Clearly Rule 74.78 gives a court jurisdiction to set aside a judgment within six months from its entry. This specific provision must be given meaning, notwithstanding the general provisions of Rule 75.01. The court had jurisdiction to hear the Rule 74.78 motion.

■ Plaintiff's motion states allegations which, if believed, are sufficient to entitle her to relief under Rule 74.78. She alleged neither she nor defendant received notice of the judgment, and that she was not in default for failure to appear and was not present or by attorney when judgment was entered. The lack of notice deprived her of a direct appeal. *Hammons v. Hammons*, 680 S.W.2d 409, 411 (Mo.App.1984). There is nothing to indicate plaintiff had actual notice of entry of the judgment or that she failed to receive notice due to any lack of diligence on her part. The motion alleges numerous inquiries were made as to the status of the case. Also, the motion was filed within the six-month limit.

■ We do not address the question of what level of proof is needed under Rule 74.78 to show a notice of entry of a judgment has not been served. We acknowledge the general rule that "a court of record can speak only by its records which import absolute verity." *Edwards v. Hrebec*, 414 S.W.2d 361, 364 (Mo.App.1967). However, the record in the present case is not clear. The entry merely states "Copies sent to attorneys." It is not dated and plaintiff alleges it to be in a handwriting different from the handwriting in other entries.

It is doubtful whether the entry in question complied with Rule 43.01. Even if we view the record as having "absolute verity," the record would only show copies were sent, not received. The presumption that the addressee has received a properly mailed letter is a rebuttable presumption. *Medicine Shoppe International, Inc. v. J-Pral Corp.*, 662 S.W.2d 263, 269 (Mo.App. 1983); *Cohn v. Missouri Terminal Oil Co.*, 590 S.W.2d 381, 383 (Mo.App.1979).

The validity of the allegations raised in plaintiff's motion is not before us. That determination is to be made by the trial court on remand.

The trial court's order denying plaintiff's motion for lack of jurisdiction is reversed, and the cause remanded for further proceedings. In the event plaintiff's motion is sustained, the trial court may reenter the previous judgment in order that plaintiff can appeal, or the court may take such other action as it deems appropriate.

DOWD, P.J., and CRIST, J., concur.