**Raymond LASSITER, et al., Plaintiffs–Respondents,**

v.

**Sarah MARTIN, et al., Defendants–Appellants.**

**No. 14947.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 29, 1988.

Motion for Rehearing or Transfer Denied March 18, 1988.

Application to Transfer Denied May 17, 1988.

Lois M. Zerrer, Springfield, for defendants-appellants.

Donald L. Cupps, Cassville, for plaintiffs-respondents.

HOGAN, Judge.

This statutory action for unlawful detainer was brought in the Associate Division of the Circuit Court of Stone County as provided by § 534.060, RSMo 1978. Plaintiffs had judgment. Defendants thereafter applied for and were granted a trial de novo as permitted by § 512.180.1 and § 534.080, RSMo 1978. Plaintiffs thereafter filed a petition and the defendants filed an answer. Upon trial de novo, the defendants did not appear and plaintiffs again had judgment. Defendants now appeal.

A chronology may be helpful in understanding the nature and tenor of the cause on appeal:

September 12, 1985—a trial de novo was allowed.

September 17, 1985—the cause was assigned to Hon. Jack P. Steinle for hearing upon the record.

September 25, 1985—Defendants moved for a change of judge.

October 2, 1985—the motion for change of judge was granted and the presiding judge of the circuit was notified.

October 4, 1985—the case was assigned to Associate Circuit Judge J. Edward Sweeney for hearing on the record.

October 16, 1985—the cause was set for hearing on Wednesday, November 27, at 1:00 p.m.

November 27, 1985—the cause was continued at plaintiffs' request; trial was set for Wednesday, December 18, 1985, at 1:30 p.m.

December 6, 1985—the cause was set to be heard January 15, 1986, at 1:30 p.m.

December 11, 1985—Defendants filed an Answer.

January 15, 1986—the cause was set for hearing on February 2, 1986, at 1:30 p.m.

February 19, 1986—by agreement of counsel, the case was continued and was reset for March 19, 1986.

March 21, 1986—Plaintiffs moved for leave to amend their petition and add a party plaintiff; a first amended petition was filed.

June 6, 1986—Defendants filed answer to plaintiffs' first amended petition; defendants' attorney asked leave to withdraw.

June 25, 1986—Defendants' attorney was given leave to withdraw. The docket entry continued: "Case set for trial for Friday, August 22, 1986, at 9:30 a.m. Clerk to notify counsel and the parties."

The cause was submitted to the trial court on August 22, 1986. The judge dictated the following statement into the record:

"... this case was set for trial for Friday, August 22, 1986 at 9:30 a.m. with an instruction for the clerk to notify counsel and the parties to the suit. The court's file will reflect that on June 25, 1986, a letter was directed to attorney, Donald Cupps, at Cassville, Missouri, and attorney, Carr Woods, at Monette [sic], Missouri, with the original stylus [sic] of the case.

That letter recites as follows: 'Gentlemen: On June 25, 1986, the Court made the following entry: Motion to withdraw ·of Carr L. Woods is sustained. Case set for trial for Friday, August 22, 1986, at 9:30 a.m. Clerk to notify counsel and parties.' And with the initials, 'J.E.S.' for J. Edward Sweeney. 'Thank you. Sincerely yours, Cathy Shortt, Circuit Clerk, by Linda C. De Forrest, Deputy Clerk.' It reflects that carbon copies were sent to Sarah Martin, Vadney Martin and Gary Martin, the Defendants, and to the Honorable J. Edward Sweeney...."

A copy of the letter which was read into the record appears in the Legal File. Comparison of the record recitation and the letter shows that the record recitation is true and correct. A deputy clerk was present in the courtroom. She was asked specifically if the defendants had been noti-

fied that the case was set for Friday, August 22, 1986. She answered that they had. As the defendants note, the deputy clerk was not under oath.

The court then heard evidence. It found as a fact that the defendants had been summoned and notified of the hearing, but had failed to appear. As indicated, the trial court gave judgment for the plaintiffs. A docket entry dated September 17, 1986, reads as follows:

> "Defendants Sarah Martin and Vadney Martin appear in Associate Circuit Court at Cassville. Also appearing is Attorney for Plaintiffs Donald Cupps. Defendants make oral Motion for New Trial or to Vacate and Set Aside Judgment."

On September 19, 1986, the trial court denied defendants' after-trial motions. Defendants thereupon appealed to this court.

In this court, the defendants have briefed and argued two assignments of error. The substance of the first assignment is that the trial court erred and abused its discretion in refusing to grant a new trial or vacate the judgment because the defendants notified the court "immediately upon notice of the judgment" that they had not received notice of the trial setting. Citing *Nixon v. Williamson*, 703 S.W.2d 526 (Mo. App.1985), and various other precedents, defendants contend they were denied due process of law. As a second point, the defendants assert that the trial court's finding that they had been notified in writing of the trial setting and were duly summoned was based on unsworn testimony.

■ Counsel for the defendants does not advise us of the order of notice to which her clients were entitled, and the rulings of our courts in this respect have not been uniform. Both our Supreme Court and this court have held that in the absence of a rule or statute it is not necessary to give a party notice of the time a case is set for trial. *Rubbelke v. Aebli*, 340 S.W.2d 747, 751 (Mo.1960); *Owens v. Vesely*, 620 S.W. 2d 430, 433 (Mo.App.1981). Nevertheless, this court has *not* held that a court may enter judgment against a party not in de-

fault for want of a pleading if that party did not have proper notice of the proceeding. Indeed, in *Owens* this court held, in a case analogous to the case at hand, that a judgment entered without proper notice to the parties may be subject to collateral attack. *Owens v. Vesely*, 620 S.W.2d at 432. Without undertaking to reconcile the apparently conflicting precedents or to determine the application of Rule 63.01 to this case,[1] we conclude that in the circumstances presented, defendants were entitled to reasonable notice that their case would be heard on August 22, 1986. *Groves v. Hall*, 628 S.W.2d 420, 421–422[2] (Mo.App.1982); *Susman v. Hi–Fi Fo–Fum, Inc.*, 597 S.W. 2d 680, 682–683[4] (Mo.App.1980).

We also agree that the record recitals do not necessarily foreclose further inquiry whether the defendants were given a reasonable notice. *Groves v. Hall*, 628 S.W.2d at 421. Procedurally, the record before us is similar to that considered in *Brown v. General Motors Assembly Division*, 695 S.W.2d 501 (Mo.App.1985). The record which has been filed contains a copy of a letter which purports on its face to have been sent to the defendants by mail on June 25, 1986. The trial judge carefully dictated a record entry noting the contents of the letter. Basing his finding upon his own inquiry and inspection of the record, the trial judge found the defendants had been given notice of the trial setting by mail on June 25, 1986. If, as the record suggests, service by mail was sufficient, then service was complete when the letter was mailed. Rule 43.01(c)2.

■ The insuperable difficulty with the defendants' argument is that there is no *record proof* that they ever objected to the want of notice of the trial setting in the trial court. The docket entry recites that the defendants appeared in open court and "made oral Motion for New Trial or to Vacate and Set Aside Judgment." Assuming that an oral motion was sufficient because Rule 55 did not then apply to cases originating in Associate Circuit Court, see *Stegemann v. Helbig*, 625 S.W.2d 677, 680 (Mo.App.1981), we have no record before

---

1. We are cited to a local rule which may prescribe the method by which cases are set for trial in the 39th Judicial Circuit. The rule has not been made a part of the record, however, and we cannot take judicial notice of it. *Bank v. Pfeil*, 537 S.W.2d 680, 681[2] (Mo.App.1976).

us showing the content of the motion, and we cannot accept counsel's statement as a substitute for record proof, even though we have no doubt as to its accuracy. *In re Redemption Proceeding by Hokanson,* 706 S.W.2d 559, 560[1] (Mo.App.1986); *Landers v. Smith,* 379 S.W.2d 884, 887[4] (Mo.App.1964). We must take the record as it comes to us. *Board of Public Utilities v. Fenton,* 669 S.W.2d 612, 614 (Mo. App.1984). Without a record showing that the errors assigned here were presented to the trial court, we cannot consider them because an appellate court cannot consider an assignment or contention of error never raised in the trial court. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo.banc 1982), appeal dism'd, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *Aquatics Unlimited v. Treasure Lake Resort,* 719 S.W.2d 117, 120 (Mo.App.1986). In the circumstances here presented, the judgment must be affirmed.

PREWITT, P.J., and FLANIGAN, J., concur.

MAUS, J., disqualified.