**Gayle EASTIN and Mary Gooding, Plaintiffs–Respondents,**

v.

**J.C. FRANKLIN, Defendant–Appellant.**

No. 16826.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 6, 1991.

Motion for Rehearing or Transfer Denied Feb. 28, 1991.

Janice P. Noland, Camdenton, for defendant-appellant.

Alice Yahnig, Curran and Clifford, Osage Beach, for plaintiffs-respondents.

SHRUM, Judge.

In this case we are asked to decide if the defendant J.C. Franklin was denied due process of law when judgments were entered against him in a trial conducted without the presence of him or his lawyer. The defendant claims he and his lawyer did not receive notice of the trial setting. From our review of the record, we conclude that the defendant did not receive notice of the trial setting and, under the facts of this case, the lack of notice deprived the defendant of due process of law. We reverse the judgment and remand the case for a new trial.

## PLAINTIFFS' MOTION TO DISMISS APPEAL

Before analyzing the principal issue, we address the plaintiffs' request that we dismiss the defendant's appeal.

■ First, the plaintiffs urge dismissal of the defendant's appeal because the notice of appeal fails to specify the judgment or order appealed from, in violation of Rule 81.08(a). In the portion of the notice of appeal form, designated "Judgment or Order Appealed From," the defendant entered, "see attached Exhibit 'A.'" He then attached a complete copy of the two and one-half page trial court docket. One entry on the docket sheets is an abbreviated version of the court's judgment. The legal file for this appeal contains a copy of the formal judgment. This court can readily discern, from the record, the judgment from which the defendant appeals. *See Allison v. Sverdrup & Parcel and Associates, Inc.*, 738 S.W.2d 440, 442–44 (Mo.App.1987). The plaintiffs do not advise us how they have been prejudiced by the defendant's somewhat circuitous compliance with Rule 81.08(a). *See Id.; Williams v. MFA Mut. Ins. Co.*, 660 S.W.2d 437, 439 (Mo.App. 1983).

■ Second, the plaintiffs urge dismissal because the defendant "has appealed from the trial court's denial of a motion for new trial which is not a judgment appealable under § 512.020, RSMo 1986." The plaintiffs correctly point out that the defendant, in the statement of facts portion of his brief, says that he is appealing from the trial judge's order overruling his motion for a new trial. However, the defendant, in his point relied on, alleges error in the trial court's judgment. We conclude the defendant has made a good faith effort to present cognizable issues, discernable from the briefs and record. The doctrine of leniency applies to excuse any deficiencies. *See Ridley v. Newsome*, 754 S.W.2d 912, 914 (Mo.App.1988).

■ Third, the plaintiffs urge dismissal contending the defendant's statement of facts is not "a fair and concise statement of the facts relevant to the questions presented for determination without argument," a violation of Rule 84.04(c). To support their contentions, the plaintiffs argue that the defendant's statement of facts is "totally devoid of any facts favorable to the [plaintiffs], including the fact that this case was discussed by [defendant's] and [plaintiffs'] counsel three days prior to the trial." In support, the plaintiffs direct our attention to pages 15–16 of the legal file. The plaintiffs also point out the following "conclusions and opinions of a purely argumentative nature" in the defendant's statement of facts: "'Neither defendant-appellant nor his attorney received a notice of this hearing date. (L.F. P.P. 34, 35).' (Appellant's Brief p. 3). 'The first notice that the defendant-appellant received of the hearing was the receipt of a copy of the judgment entry. (L.F. P. 39).' (Appellant's Brief p. 4)."

There is nothing in the legal file at pages 15 and 16 related to any discussion of the case by counsel three days prior to the trial. As the plaintiffs point out, the defendant makes appropriate cross-references in his statement of facts to affidavits of the defendant and his attorney and other portions of the record. Although the defendant's statement of facts is not a model of legal draftsmanship, we perceive no attempt by counsel to distort or misrepresent the facts, and we decline to dismiss the appeal for violation of Rule 84.04(c). *See French v. Tri–Continental Leasing Co.*, 545 S.W.2d 345, 347 (Mo.App.1976).

Last, the plaintiffs complain that the defendants included irrelevant materials in the record on appeal and ask this court, as an alternative to dismissal, "to strike and disregard those [irrelevant] portions of the Record on Appeal and Appellant's Brief...." In our consideration of this case, we have disregarded the portions of the record and the defendant's brief about which the plaintiffs complain.

We overrule the plaintiffs' motion to dismiss the defendant's appeal.

## FACTS

Initially, the plaintiffs filed a small claims court petition seeking $1,500.00 from the defendant. In their petition, the plaintiffs alleged (a) they had hired the defendant to clear underbrush and a limited number of trees from the plaintiffs' land, (b) they had paid the defendant $700.00 for the work but he had failed to

complete the work, and (c) he had taken out more trees than he was supposed to in certain areas. The plaintiffs sought $800.00 damages and return of the $700.00 paid. The defendant counterclaimed for $1,612.50, resulting in transfer and assignment to the Circuit Court, Associate Division.

Following assignment to the Circuit Court, the plaintiffs filed an amended petition in which they prayed for $15,000.00 in damages. The defendant filed an answer and other pleadings in the associate division. The trial court continued the case several times and a docket entry on December 1, 1989, reads, "Case reset to 1/12/90 at 9:00 AM." The record contains a letter from the trial court file, dated December 19, 1989, correctly addressed to the respective attorneys, advising them the "matter has been reset to January 12, 1990, at 9:00 a.m." The record contains no entry about mailing of the letter.

The trial court's docket entry on January 12, 1990, reads, in part, "Plaintiff in person and by attorney Yahnig. Defendant fails to appear in person or by counsel by 9:35 P.M. [sic] Evidence heard...." The trial court then entered judgment for the plaintiffs for $11,255.12 and against the defendant on his counterclaim.

The defendant timely filed post-trial motions for new trial and to set aside the judgment, with accompanying affidavits by the defendant and his lawyer, claiming that the defendant had no notice of the January 12, 1990, trial setting. The defendant's motions, when read in combination, allege that the lack of notice of the trial setting denied the defendant the right to a fair hearing and, hence, due process. As part of the post-trial motions, the defendant's counsel signed an affidavit which states, in part:

"2. As attorney for defendant I was advised that I would be notified of the date of trial so that my client and I could appear, but I received no such notice as to the January 12, 1990 hearing date.

....

4. Moreover, attorney for Plaintiffs asked me if she could continue the case again because she had not been able to find a witness, and I agreed. No date for hearing was discussed."

The plaintiffs filed no affidavits in opposition to the defendant's post-trial motions and affidavits.

## ISSUES AND STANDARD OF REVIEW

On appeal, the defendant alleges the trial court erred in entering judgment against him in his absence. He contends he had no notice of the pendency of the trial and, therefore, was denied due process of law.

In *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), the Supreme Court reiterated the long-standing principle that the "fundamental requisite of due process of law is the opportunity to be heard." *Id.* at 449, 102 S.Ct. at 1877, 72 L.Ed.2d at 254–55. If the right to be heard is to be more than illusory, a party must be informed of "any proceeding which is to be accorded finality" either by actual notice or by some *"notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections." *Id.* at 449–50, 102 S.Ct. at 1877–78, 72 L.Ed.2d at 255 (emphasis in original).

■ A judgment may be set aside if there is a failure to adhere to some prescribed rule or mode of procedure. *Credit Card Corp. v. Jackson County Water Co.*, 688 S.W.2d 809, 811 (Mo.App.1985). Unless the record establishes that the complaining party was provided notice of a trial setting, a court may conclude the complaining party did not receive notice. *Irving v. Brannock*, 756 S.W.2d 585, 587 (Mo.App.1988). A court has little discretion when it considers an irregularity on the face of the record. *Credit Card Corp.*, 688 S.W.2d at 811. The record before us does not establish that the defendant had actual notice of the trial setting or that there existed notice reasonably calculated, under the circumstances, to apprise him of the pendency of the action.

## ANALYSIS AND DECISION

■ The record in this case contains no entry indicating the December 19, 1989, letter was mailed to defendant or his attorney. The record likewise reveals no testimony or affidavit by the clerk describing the actual mailing or the clerk's office's custom or practice of mailing notices of trial settings.[1]

The plaintiffs argue that the December 19, 1989, letter, found in the court file, was "sent by ordinary mail to the attorneys of record advising of the January 12, 1990 trial date," and, according to Rule 43.-01(c)(2), service by mail is complete upon mailing. This argument presupposes that there was evidence that the letter was mailed. The existence of the letter in the trial court's file is not evidence the letter was mailed to the defendant's lawyer. We cannot use Rule 43.01(c)(2) as proof that the defendant was notified of the trial setting in the absence of proof that the letter was mailed. Here, the record contains no proof of mailing of the letter and no evidence of any usual procedure, custom, or practice for the mailing of notices which would have apprised the defendant of the trial setting.

The general rule that "a court of record can speak only by its records which import absolute verity," *Brown v. General Motors Assembly Div.*, 695 S.W.2d 501, 502 (Mo. App.1985), does not aid the plaintiffs because the record here speaks only to the fact that the letter notice of trial setting was prepared. We are not foreclosed from further inquiry about whether the defendant received notice of the trial setting simply because there is a reference to the December 19, 1989, letter in the court's file. *Lassiter v. Martin*, 748 S.W.2d 819, 821 (Mo.App.1988); *Groves v. Hall*, 628 S.W.2d 420, 421 (Mo.App.1982). Even if we view the record as having "absolute verity," it shows only the preparation of the letter; it does not show the letter was mailed.

In *Brown*, there was a docket entry reading, "Copies sent to attorneys." 695 S.W.2d at 502. The record here reveals no such docket entry. In *Lassiter*, the trial judge "carefully dictated a record entry noting the contents of the letter." Based on "his own inquiry and inspection of the record," the trial judge found that defendants had been given notice of the trial setting by mail. 748 S.W.2d at 821. The record before us does not reveal a similar entry or finding by the trial judge. At the hearing on the defendant's post-trial motions, the trial judge, after reviewing the docket sheet, said, "Something happened on December the 1st (1989), and we reset it to—on December the 19th." The judge then stated that he received a copy of the December 19, 1989, letter, and that the letter also was addressed to the defendant's attorney. We hold that the existence of the letter in the trial court file giving a trial date is not sufficient notice, under this record, to apprise the defendant of the trial setting.

■ We also must decide if there was evidence in the record to support a finding that the defendant (or his lawyer) had actual knowledge of the trial setting.[2] The affidavits of the defendant and his attorney

1. Mail service has long been recognized as a constitutionally acceptable, inexpensive, and efficient mechanism that is reasonably calculated to provide actual notice. *Tulsa Collection Servs. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565, 578 (1988). In Missouri, unless otherwise ordered, mail service is expressly authorized for use by lawyers as a means of giving "every written notice" mentioned in Rule 43.-01(a). *See* Rule 43.01(c)(2). Service by mail is complete upon mailing. Rule 43.01(c)(2). Proof of mailing by lawyers is governed by Rule 43.01(d). Rule 63.02 provides that, in multiple-judge circuits, civil actions shall be set for trial in accord with local rules. The plaintiffs cite this court to local rules of Camden County, but those rules deal solely with notice of trial settings made at law days (rather than a "special setting" as was the case here). In their brief, the plaintiffs say there is no specific local rule for sending notice of associate division trial settings. Nevertheless, the plaintiffs argue that by "practice" such notices are sent by ordinary mail "as in circuit court." We find no support in the record for that assertion and therefore do not consider it.

2. Actual knowledge of essential facts can obviate the due process of law requirement of notice in many instances. *See Mo. Highway & Transp. Com'n v. Myers*, 785 S.W.2d 70, 74–75 (Mo. banc 1990).

denying receipt of the notice of trial setting stand uncontradicted. In overruling the post-judgment motions, the trial court said:

"I think the *conversation* three days before would have alerted a—would have served to alert that there was a trial setting that should be encountered (emphasis added)."

We find in the record before us only two references to a conversation, in paragraph four of the post-trial affidavit filed by the defendant's lawyer and in the transcript of the hearing on the defendant's post-trial motions. We agree that the purported request for continuance by the plaintiffs to the defendant (as described in the affidavit), standing alone, should have alerted the defendant's counsel to the trial setting. In such event the trial court's refusal to vacate the judgment might have been appropriate under a line of cases which hold that a diligent party could have learned of the trial setting from the record in time to have defended.[3]

However, we do not read a portion of paragraph four in isolation from the remainder of counsel's affidavit. The defendant's lawyer further stated in her uncontroverted affidavit that she was told she would be notified of a trial date, but received no such notice, and she agreed with the request of the plaintiffs' lawyer for a continuance and no date for hearing was discussed. At the hearing on the defendant's post-trial motions, the defendant's attorney said the conversation with the plaintiffs' attorney included her asking "me whether I would have any objection to another continuance because she believed that she would not be able to produce a witness."

Moreover, the record fails to disclose any effort to contact either the defendant or his attorney, despite the fact that, according to the uncontroverted affidavit of the defendant's attorney, the plaintiffs had asked for a continuance and the defendant had agreed. *See Credit Card Corp.*, 688 S.W.2d at 812. We conclude there is nothing in the record before us that establishes that the defendant had actual knowledge of the trial setting.

■ Our appellate courts have frequently held that constitutional guarantees of due process of law entitle litigants not in default to reasonable notice of trial settings. *Irving*,[4] 756 S.W.2d at 586; *Nixon v. Williamson*, 703 S.W.2d 526, 528 (Mo. App.1985). The Missouri Supreme Court has held that due process considerations, in the interests of fairness and justice, require notice be given whenever a person's rights are to be affected. *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 405, 235 S.W.2d 347, 350, 23 A.L.R.2d 846, 850 (banc 1950). *See also Division of Employment Sec. v. Smith*, 615 S.W.2d 66 (Mo. banc 1981). Constitutional due process requires that for a judgment entered against a party not in default to be valid, there must have been notice of the trial setting

---

**3.** *See, e.g., Walsh v. Walsh*, 652 S.W.2d 274, 276 (Mo.App.1983); *Brummit v. O'Fallon Bros. Const. Co.*, 671 S.W.2d 441, 442 (Mo.App.1984); *Falcon Enterprises, Inc. v. Precise Forms, Inc.*, 509 S.W.2d 170, 174 (Mo.App.1974). The record before us indicates that this is not a case in which the defendant "sat back and did nothing." Rather, the defendant actively participated in the proceedings. *See Credit Card Corp.*, 688 S.W.2d at 812.

**4.** In *Irving*, Judge Covington observed that rulings of Missouri courts with regard to notice of trial settings are inconsistent. She cites as examples *Rubbelke v. Aebli*, 340 S.W.2d 747 (Mo. 1960), and *Owens v. Vesely*, 620 S.W.2d 430 (Mo.App.1981), which stand for the proposition that "in the absence of a rule or statute it is not necessary to give a party notice of the date a case is set for trial." *Irving*, 756 S.W.2d at 586, citing *Rubbelke*, 340 S.W.2d at 751, and *Owens*,

620 S.W.2d at 433. However, that statement in *Rubbelke* was dictum. The court vacated the judgment in *Rubbelke* because there was an irregularity on the face of the record. *Id.* at 752–53. In addition, due process of law issues were not considered in *Rubbelke*. Finally, substantial doubt is cast upon the *Rubbelke* dictum by *Tulsa Collection Servs. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565; *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Greene*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249; *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Regarding *Owens v. Vesely*, this court in *Lassiter* pointed out that *Owens* did say that a judgment entered without proper notice to the parties may be subject to collateral attack. 748 S.W.2d at 821. The particular facts in *Owens* prevented a successful collateral attack.

and an opportunity to be heard must have been granted at a meaningful time and in a meaningful manner. *Nixon*, 703 S.W.2d at 528.[5] *See also State v. Earl*, 672 S.W.2d 694, 696 (Mo.App.1984), *citing Fuentes*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 570 (1972), and other cases cited in footnote 4.

The record in this case does not establish that the defendant had knowledge or actual notice of the trial setting. Nor does the record establish adherence to a notice procedure, reasonably calculated under all the circumstances, to apprise the defendant of the pendency of the trial. Thus we conclude the defendant did not receive notice of the trial setting. *See Irving*, 756 S.W.2d at 587.

Because of the deprivation of the defendant's due process rights, the judgment is reversed and the cause is remanded for a new trial.

FLANIGAN, C.J., and HOGAN, J., concur.

---

**5.** Even in cases where due process issues were not discussed, Missouri appellate courts have frequently held that a party not in default is entitled to notice of trial setting. *Brooks v.* *Brooks*, 800 S.W.2d 468 (Mo.App.1990); *In re Marriage of Wheeler*, 743 S.W.2d 605 (Mo.App. 1988); *Credit Card Corp.*, 688 S.W.2d 809.