**STATE of Missouri, Respondent,**

v.

**Ronald DAVIS, Appellant.**

**Ronald DAVIS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65946, 68758.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1997.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Traci J. Sanders, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Ronald Davis appeals after concurrent sentences for felony possession of heroin and misdemeanor possession of marijuana and the denial of his Rule 29.15 motion for post conviction relief after a hearing.

The evidence from trial was sufficient to support the verdicts. A confidential and reliable informant told Detective Vickers, Davis was selling heroin inside Davis' house. While executing a search warrant for the house, three bags containing heroin and marijuana were found. Davis does not contest the sufficiency of that proof.

Davis' first point involves a *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) challenge. He argues the trial court erred in finding the state's reasons for striking one venireperson were race-neutral and non-pretextual.

To establish a prima facie case of racial discrimination in jury selection, a defendant must show (1) he is a member of a cognizable racial group; (2) the state exercised peremptory challenges to remove members of the defendant's race from venire; and (3) the facts and any other relevant circumstances raise an inference the state used peremptory challenges to exclude venirepersons from venire because of their race. *State v. Blankenship,* 830 S.W.2d 1, 14 (Mo. banc 1992). Once a defendant has made a prima facie showing of discrimination, "the burden shifts to the state to come forward with a neutral explanation for challenging black jurors." *Id.* at 15. The state must give clear and reasonably specific explanations for exercising the challenges. *State v.*

*Parker,* 836 S.W.2d 930, 939 (Mo. banc 1992); *State v. Antwine,* 743 S.W.2d 51, 64 (Mo. banc 1987). The burden then shifts back to the defendant to demonstrate the state's explanations were merely pretextual and racially motivated. *Id.*

Here, the state used some of its peremptory challenges to remove black venirepersons. Davis challenged the removal of one venireperson. The prosecutor responded to Davis' challenge by articulating reasons for striking the venireperson:

> ... She did not say a word, Judge, but she's a cashier at Soldan High School, and I would have questioned her about this, but this one in particular is one that was close to the time when I had started out pickin' jurors and asking them various questions, and I would have asked her something because there's a lot of guns and drugs at that high school, but I try to stay away from that in part because Mr. Harris said I was picking on jurors because they were black.

Davis responded by arguing "... I'm not too sure silence can be a reason for a strike." Davis made no effort to demonstrate pretext or to point out a factual inaccuracy that the venireperson did orally answer a question. These issues were referred to in the motion for a new trial in a general way when Davis argued "the court erred in finding racially neutral reasons" for a strike of the venireperson.

■ We hold the issue was not preserved by a demonstration of pretext because it is not properly before us. Even if the complaint was preserved at trial, the appeal fails because it is based on matters never presented to the trial judge, particularly: (1) the venireperson answered one question and (2) the state was afraid to question the venireperson. *See Lassiter v. Martin,* 748 S.W.2d 819, 822 (Mo.App.1988); *Lincoln Credit v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982), *appeal dism'd,* 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983). If these appeal observations are true, a matter we do not decide, they are insufficient to support a finding the ruling of the trial court was clearly erroneous. *See State v. Parker,* 836 S.W.2d 930, 939 (Mo. banc 1992). Silence, employment,

and the state's reference to guns and drugs at the venireperson's place of employment are unchallenged, race-neutral explanations offered by the prosecutor.

■ Davis' other point involves his claim the Rule 29.15 motion court erred when it denied Davis' claim his trial counsel ineffectively assisted him at trial. Davis alleged his counsel's failure to call a defense witness to rebut Detective Vickers' testimony he observed, before obtaining a search warrant, an abnormal amount of foot traffic in and out of Davis' house through the front door. That observation and a confidential informant's tip were relied on to obtain the search warrant. Davis contends the uncalled witness would have testified Detective Vickers' testimony was untruthful because the door had been boarded up during the time of the observation. Moreover, his trial counsel knew of a deputy sheriff who had been to the house and observed the front door boarded up.

Davis' ineffective assistance allegation fails for two reasons. First, he did not allege or prove the search warrant was illegal because of the conflict regarding foot traffic at the front door. He could have been prejudiced only if he successfully challenged the validity of the search warrant.

Second, even if Davis had challenged the validity of the search warrant, he would not have been prejudiced by his counsel's failure to call the witness to testify. To prevail on an ineffective assistance of counsel claim a defendant must meet a two prong test: (1) his counsel failed to exercise the customary skill and diligence a reasonably competent attorney would exercise in similar circumstances and (2) the defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687–689, 104 S.Ct. 2052, 2064–2065, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

We need not decide whether Davis satisfied the performance prong of the ineffective assistance of counsel test because Davis does not meet his burden of showing he was also prejudiced. *See Sanders,* 738 S.W.2d 856, 857. The charged crimes were proven by evidence which was independent of Detective Vickers' testimony. A second officer who

assisted in executing the search warrant offered testimony supporting the verdicts. In addition, the warrant was valid because it was supported by another independent base, the informant's tip. Because of these two independent bases, the evidence supporting the verdicts would have been admissible even if the missing witness had testified and if he was believed. Therefore, Davis was not prejudiced by his counsel's failure to call the deputy sheriff.

Accordingly, the trial court did not err in denying Davis' pretextual objection and the motion court did not err when it denied his Rule 29.15 ineffective assistance of counsel allegation after an evidentiary hearing.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.